UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-60854

PAUL FORSYTHE,

     Plaintiff,

v.

STARBOARD YACHT GROUP, LLC, a Florida
limited liability company; and JAKE
STRATMANN, an individual

     Defendant.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Starboard Yacht Group, LLC, and Jake Stratmann, answer Plaintiff's Complaint.

## JURISDICTION AND VENUE

1.     Defendants admit Plaintiff has sought to bring an action pursuant to the Fair Labor Standards Act ("FLSA") but denies Plaintiff is entitled to any such recovery, under the cited statute or any other law or legal principle.

2.     Defendants admit this Court has jurisdiction to hear claims asserted pursuant to the FLSA but deny Plaintiff is entitled to any such recovery.

3.     Defendants admit venue is proper as pled by Plaintiff but denies Plaintiff is entitled to any recovery for any of the claims he has asserted herein.

## CONDITIONS PRECEDENT/ADMINISTRATIVE EXHAUSTION

4.     Paragraph 4 of the Complaint is denied.

## PARTIES

5.      Defendant lacks sufficient information to admit to the truth of the allegations in Paragraph 5 of the Complaint and therefore denies those allegations.

6.      Defendant Starboard Yacht admits it is a Florida corporation which conducts business in the State of Florida. All other allegations are denied.

7.      Paragraph 7 of the Complaint is denied.

8.      Paragraph 8 of the Complaint is denied.

9.      Defendant Stratmann admits he own Starboard Yacht Group, LLC. All other allegations are denied.

10.      Defendant Stratmann admits Mr. Forsythe worked for Starboard Yacht Group, LLC, at one time. All other allegations are denied.

11.      Paragraph 11 of the Complaint is denied.

12.      Paragraph 12 of the Complaint is denied.

13.      Paragraph 13 of the Complaint is denied.

14.      Paragraph 14 of the Complaint is denied.

## STATEMENT OF FACTS

15.      Paragraph 15 of the Complaint is denied.

16.      Paragraph 16 of the Complaint is denied.

17.      Paragraph 17 of the Complaint is denied.

18.      Paragraph 18 of the Complaint is denied.

19.      Paragraph 19 of the Complaint is denied.

20.      Paragraph 20 of the Complaint is denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

21.     Paragraph 21 of the Complaint is denied.

22.     Paragraph 22 of the Complaint is denied.

23.     Paragraph 23 of the Complaint is denied.

24.     Paragraph 24 of the Complaint is denied.

25.     Paragraph 25 of the Complaint is denied.

26.     Paragraph 26 of the Complaint is denied.

27.     Paragraph 27 of the Complaint is denied.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

28.     Defendants incorporate their responses to Paragraphs 1-27 as if set forth herein.

29.     Paragraph 29 of the Complaint is denied.

30.     Paragraph 30 of the Complaint is denied.

31.     Paragraph 31 of the Complaint is denied.

WHEREFORE, Defendant Starboard Yacht Group, LLC, and Jake Stratmann, demand judgment against Plaintiff as to Count I – Recovery of Overtime Compensation, a jury trial on all issues so triable, costs and any other and further relief this Court deems just and proper.

## GENERAL DENIAL

32.     Defendants deny all allegations not expressly admitted herein.

## AFFIRMATIVE DEFENSES

33.     As a first affirmative defense, the Defendants state that any alleged overtime by the Plaintiff spent on the job in excess of Plaintiff's work week was *de minimis* as defined under the FLSA, 29 U.S.C. § 207(a)(1), and therefore, Plaintiffs are not entitled to compensation.

34.     As a second affirmative defense, the Defendants state that if Plaintiff proves that Defendants acted in violation of the FLSA, either by action or omission, which is denied, such

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such actions or omissions were not in violation of the FLSA. Thus, Plaintiff's claims are therefore limited to two years, not three years.

35.     As a third affirmative defense, the Defendants state that Plaintiff's claims arising more than two years prior to the date of the filing of the Complaint are barred by the statute of limitation as defined in the Portal-to-Portal Act 29 U.S.C. § 255. Defendants further state that Plaintiff's claims are barred, as the acts or omissions complained of were done in good faith and the Defendants were acting in good faith in reliance on and conformity with the Portal-to-Portal Act, 29 U.S.C. § 255.

36.     As a fourth affirmative defense, the Defendants state that Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act, 29 U.S.C. § 254.

37.     As a fifth affirmative defense, the Defendants state that if Plaintiff is entitled to any additional wages, which Defendants expressly deny, he is only entitled to receive half time pay for any overtime hours because he was paid for all hours worked.

38.     As sixth affirmative defense, the Defendants state that if Plaintiff proves that Defendants acted in violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA. Defendants accordingly request this Court, in the exercise of its discretion, not make an award of liquidated damages to Plaintiff, should any omission have occurred.

39.     As a seventh affirmative defense, the Defendants state that Plaintiff's claims are barred by the doctrines of estoppel and/or estoppel by silence in that Plaintiff failed to accurately

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

report hours allegedly worked and/or Defendants were unaware that Plaintiff worked the hours claimed.

40.     As an eighth affirmative defense, the Defendants state that the regular rate cannot be computed based upon periods of time during which they performed no work, including breaks, exempted travel, vacation and/or sick leave, worker's compensation leave, or were otherwise absent from the workplace during that week, including during holidays, missing meetings and other functions attended voluntarily.

WHEREFORE, Defendant Starboard Yacht Group, LLC, and Jake Stratmann, demand judgment against Plaintiff, a jury trial on all issues so triable, costs and any other and further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of May, 2022, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendants*
> Cole, Scott & Kissane Building
> 9150 South Dadeland Boulevard, Suite 1400
> P.O. Box 569015
> Miami, Florida 33256
> Telephone (305) 350-5338
> Facsimile (305) 373-2294
> Primary e-mail: edward.polk@csklegal.com
> Secondary e-mail: edward.polk@csklegal.com

By:   s/ Marc A. Rapaport
EDWARD S. POLK
Florida Bar No.: 239860
MARC A. RAPAPORT
Florida Bar No.: 1008359

0439.0817-00/-1