UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-cv-60854

PAUL FORSYTHE,

        Plaintiff,

v.

STARBOARD YACHT GROUP, LLC, a
Florida limited liability company, and
JAKE STRATMANN, an individual,

        Defendants.

_____/

### PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND/OR FOR PARTIAL JUDGMENT ON THE PLEADINGS WITH RESPECT TO DEFENDANTS' AFFIRMATIVE DEFENSES

Plaintiff, Paul Forsythe ("Forsythe"), files this Motion to Strike Affirmative Defenses and/or for Partial Judgment on the Pleadings with Respect to Defendants' Affirmative Defenses and states:

### BACKGROUND

This is a wage and hour case against Defendants pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* (*Complaint* ¶ 1). Forsythe had no ability to hire or fire or make effective recommendations for such decisions, nor did he supervise two or more full-time employees. Forsythe was an hourly nonexempt employee entitled to overtime. Forsythe was required to work "off the clock" because the Defendants required more work than could be performed within Forsythe's scheduled hours and Defendants knew he was working those hours. Defendants directed Forsythe to clock out but required him to remain on the job to attend to customers.

## <u>MEMORANDUM OF LAW</u>

**I.    DEFENDANTS IN EMPLOYMENT CASES TYPICALLY ASSERT IMPROPER AFFIRMATIVE DEFENSES WHICH REQUIRE THAT THEY BE STRICKEN**

Affirmative defenses are pleadings pursuant to Federal Rule of Civil Procedure 8(c), and they are subject to being stricken, particularly if they are boilerplate unsupported by facts. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989); *National Acceptance Co. of Am. v. Regal Prods., Inc.*, 155 F.R.D. 631, 634 (E.D. Wis. 1994) (stating that "defenses which amount to nothing more than mere conclusions of law and are not warranted by asserted facts have no efficacy").  While at times motions to strike can be disfavored, the Southern District has recognized that motions to strike boilerplate or otherwise improper affirmative defenses can serve a very practical purpose. *FDIC v. Bristol Home Mortg. Lending, LLC*, 2009 WL 2488302 at \*2 (S.D. Fla. Aug. 13, 2009) ("weeding out legally insufficient defenses at an early stage" of the proceedings may be "extremely valuable" to all parties "in order to avoid the needless expenditures of time and money in litigating issues which can be seen to have no bearing on the outcome.") (internal quotations and citation omitted).  Accordingly, this is precisely what Plaintiff's Motion to Strike seeks to accomplish.

Affirmative defenses are pleadings as set forth by Federal Rule of Civil Procedure 8(c). Pursuant to Federal Rule of Civil Procedure Rule 8(a), defendants are required to provide a short and plain statement of their affirmative defense, showing that they are entitled to relief.  By its very definition, an affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance. Thus, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005)

(emphasis in original) (quotations and citations omitted). Affirmative defenses must also meet the pleading standard established by *Iqbal* and *Twombly*.  In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court explained that a pleading need not contain "detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed me accusation…A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." (internal quotations and citations omitted). The Supreme Court further held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Analyzing these rulings, the Southern District, along with the majority of district courts, has held that this heightened pleading standard also applies to affirmative defenses.  *Castillo*, 2010 WL 3027726 at *2 (S.D. Fla. Aug. 2, 2010) (holding the *Iqbal/Twombly* standard applies to affirmative defenses and recognizing a "majority of lower courts" across the United States hold the same); *Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. RRG*, 2012 WL 5398625, at *18 (S.D. Fla.) (holding same); *Royal Caribbean Cruises, LTD v. Jackson*, 2013 WL 358359 at *6 (S.D. Fla.) (holding same); see *Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233 at *1 (S.D. Fla. July 31, 2009) (Cohn, J.) (requiring that a Defendants' affirmative defenses "must give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests.").[1]

A Defendants' affirmatives must meet the pleading standard required by *Iqbal* and *Twombly* because: it neither makes sense nor is it fair to require a plaintiff to provide defendant with enough notice that there is a plausible, factual basis … for his claim under one pleading

---

[1] *Adams v. JP Morgan Chase Bank, N.A.*, 2011 WL 2938467 at *2 (M.D. Fla. July 21, 2011) (citations omitted) (recognizing that the majority of district courts within the Eleventh Circuit hold that "the *Iqbal* and *Twombly* standard does apply to affirmative defenses.").

3

standard and then permit the defendant under another pleading standard to simply suggest that some defense may possibly apply in the case. *Castillo*, 2010 WL 3027726 at *2 (citation omitted) (emphasis added). Additionally, "[m]erely alleging that the affirmative defense exists is not sufficient." *Id.* at *7 (citation omitted). Similarly, affirmative defenses which merely deny liability or an allegation of a complaint are also properly stricken. Lima, 2009 WL 4906374 at *1 (S.D. Fla. Dec. 18, 2009) (striking affirmative defenses nos. 1-3 because they are "simply denials"); *Vallesillo v. Remaca Truck Repairs, Inc.*, 2009 WL 4807397 at *4 (S.D. Fla. Dec. 4, 2009) ("Simply put, a statement that alleges a defect in the plaintiff's case is a denial, not an affirmative defense…Accordingly, the [c]ourt will strike these, as they are not affirmative defenses.") (citations omitted).  Federal Rule of Civil Procedure 12(f) permits the Court or a party via a motion to strike defenses which are "redundant, immaterial, impertinent, or scandalous."  As alleging virtually identical affirmative defenses is clearly redundant under Rule 12(f), so is an affirmative defense which denies something which has already been denied in a Defendants' answer. *See Joe Hand Promotions, Inc.*, 2013 WL 623923, at *2, *4 (M.D. Fla. Feb. 20, 2013) (striking affirmative defense nos. 2 and 3 where plaintiff's allegations were merely denied by the defense and had already been denied in the defendants' Answer); *Gonzalez*, 2009 WL 2391233 at *2 (recognizing that where an affirmative defense is actually a denial, and where that the same denial has been asserted in the Defendants' answer, that this is grounds for striking the affirmative defense.).

As several of the Defendants' Affirmative Defenses are either bare bones legal conclusions, insufficient as a matter of law, lack requisite factual support, fail to provide Plaintiff's proper notice of the grounds on which they rest, are mere denials, are redundant, are unduly prejudicial to Plaintiff's prosecution of this case, do not comport with *Iqbal/Twombly*, and/or are otherwise

4

improper, they should accordingly be stricken.[2] These affirmative defenses are further deficient because they fail to state how they apply to the case. *Cano v. South Florida Donuts, Inc.*, 2010 WL 326052 at *1 (S.D. Fla. Jan. 21, 2010) ("Courts do not tolerate shotgun pleading of affirmative defenses and strike vague and ambiguous defenses that do not address any particular count, allegation or legal basis of a complaint.") (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)).   Accordingly, for the aforementioned reasons and those below, the Defendants' Affirmative Defenses should be stricken.

By its very definition, "[a]n affirmative defense is established only when a defendant *admits the essential facts* of a complaint and sets up other facts in justification or avoidance." *Will v. Richardson–Merrell, Inc.,* 647 F.Supp. 544, 547 (S.D. Ga. 1986) (emphasis in the original). Thus, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. *See In re Rawson Food Service, Inc.,* 846 F.2d 1343, 1349 (11th Cir. 1988).

## II.   DEFENDANTS' "AFFIRMATIVE DEFENSES"

The Defendants' affirmative defenses should be stricken in blanket fashion, because none of them adheres to the requirement of Rule 8(a) and the case law cited above for setting forth the requisite *factual basis* in order to constitute an appropriate affirmative defense.   Defendants' asserted affirmative defenses are nothing more than conclusory statements of law, which must be stricken.   Plaintiffs will discuss each affirmative defense individually.

### A.   <u>Affirmative Defense No. 1</u>

---

[2] Even if the Court does not apply the *Iqbal/Twombly* pleading standard to affirmative defenses (though it should), the Defendants' Affirmative Defenses should still be stricken for the reasons herein.

Affirmative Defense No. 1 states: "As a first affirmative defense, the Defendants state that any alleged overtime by the Plaintiff spent on the job in excess of Plaintiff's work week was *de minimis* as defined under the FLSA, 29 U.S.C. § 207(a)(1), and therefore, Plaintiffs are not entitled to compensation."

Defendants' Affirmative Defense No. 1 should be stricken as it is a bare bones legal conclusion, is insufficient as a matter of law, lack requisite factual support, fail to provide Plaintiff's proper notice of the grounds on which they rest, are mere denials, are redundant, are unduly prejudicial to Plaintiff's prosecution of this case, do not comport with *Iqbal/Twombly*, or are otherwise improper, they should accordingly be stricken.

### B.       Affirmative Defense No. 2

Affirmative Defense No. 2 states: "As a second affirmative defense, the Defendants state that if Plaintiff proves that Defendants acted in violation of the FLSA, either by action or omission, which is denied, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such actions or omissions were not in violation of the FLSA. Thus, Plaintiff's claims are therefore limited to two years, not three years."

Defendants' Affirmative Defense No. 2 merely denies liability and/or an allegation of Plaintiff's Complaint and should be stricken. *Lima*, 2009 WL 4906374 at *1 (S.D. Fla. Dec. 18, 2009) (striking affirmative defenses nos. 1-3 because they are "simply denials"); *Vallesillo v. Remaca Truck Repairs, Inc.*, 2009 WL 4807397 at *4 (S.D. Fla. Dec. 4, 2009) ("Simply put, a statement that alleges a defect in the plaintiff's case is a denial, not an affirmative defense…Accordingly, the [c]ourt will strike these, as they are not affirmative defenses.") (citations omitted).  This affirmative defense should be stricken.

### C.       Affirmative Defense No. 3

6

Affirmative Defense No. 3 states: "As a third affirmative defense, the Defendants state that Plaintiff's claims arising more than two years prior to the date of the filing of the Complaint are barred by the statute of limitation as defined in the Portal-to-Portal Act 29 U.S.C. § 255. Defendants further state that Plaintiff's claims are barred, as the acts or omissions complained of were done in good faith and the Defendants were acting in good faith in reliance on and conformity with the Portal-to-Portal Act, 29 U.S.C. § 255."

Defendants' Affirmative Defense No. 3 should be stricken as it is a bare bones legal conclusion, is insufficient as a matter of law, lack requisite factual support, fail to provide Plaintiff's proper notice of the grounds on which they rest, are mere denials, are redundant, are unduly prejudicial to Plaintiff's prosecution of this case, do not comport with *Iqbal/Twombly*, or are otherwise improper, they should accordingly be stricken.

### D.  Affirmative Defense No. 4

Affirmative Defense No. 4 states: "As a fourth affirmative defense, the Defendants state that Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act, 29 U.S.C. § 254."

Defendants' Affirmative Defense No. 4 should be stricken as it is a bare bones legal conclusion, is insufficient as a matter of law, lack requisite factual support, fail to provide Plaintiff's proper notice of the grounds on which they rest, are mere denials, are redundant, are unduly prejudicial to Plaintiff's prosecution of this case, do not comport with *Iqbal/Twombly*, or are otherwise improper, they should accordingly be stricken.

### E.  Affirmative Defense No. 5

Affirmative Defense No. 5 states: "As a fifth affirmative defense, the Defendants state that if Plaintiff is entitled to any additional wages, which Defendants expressly deny, he is only entitled to receive half time pay for any overtime hours because he was paid for all hours worked.."

Defendants' Affirmative Defense No. 5 merely denies liability and/or an allegation of Plaintiff's Complaint and should be stricken. *Lima*, 2009 WL 4906374 at *1 (S.D. Fla. Dec. 18, 2009) (striking affirmative defenses nos. 1-3 because they are "simply denials"); *Vallesillo v. Remaca Truck Repairs, Inc.*, 2009 WL 4807397 at *4 (S.D. Fla. Dec. 4, 2009) ("Simply put, a statement that alleges a defect in the plaintiff's case is a denial, not an affirmative defense…Accordingly, the [c]ourt will strike these, as they are not affirmative defenses.") (citations omitted).  This affirmative defense should be stricken.

### F.      Affirmative Defense No. 6

Affirmative Defense No. 6 states:  "As sixth affirmative defense, the Defendants state that if Plaintiff proves that Defendants acted in violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA. Defendants accordingly request this Court, in the exercise of its discretion, not make an award of liquidated damages to Plaintiff, should any omission have occurred."

Defendants' Affirmative Defense No. 6 merely denies liability and/or an allegation of Plaintiff's Complaint and should be stricken. *Lima*, 2009 WL 4906374 at *1 (S.D. Fla. Dec. 18, 2009) (striking affirmative defenses nos. 1-3 because they are "simply denials"); *Vallesillo v. Remaca Truck Repairs, Inc.*, 2009 WL 4807397 at *4 (S.D. Fla. Dec. 4, 2009) ("Simply put, a statement that alleges a defect in the plaintiff's case is a denial, not an affirmative defense…Accordingly, the [c]ourt will strike these, as they are not affirmative defenses.") (citations omitted).  This affirmative defense should be stricken.

### G.      Affirmative Defense No. 7

Affirmative Defense No. 7 states: "As a seventh affirmative defense, the Defendants state that Plaintiff's claims are barred by the doctrines of estoppel and/or estoppel by silence in that

Plaintiff failed to accurately report hours allegedly worked and/or Defendants were unaware that Plaintiff worked the hours claimed."

The doctrine of estoppel is not recognized under the FLSA. *See Caserta v. Home Lines Agency, Inc.,* 273 F.2d 943, 946 (2d Cir.1959). Federal courts have repeatedly rejected equitable estoppel as an affirmative defense to an FLSA action, even where an employee is required, but fails to, record overtime hours worked. *See, e.g., Burry v. Nat'l Trailer Convoy, Inc.,* 338 F.2d 422, 426–27 (6th Cir. 1964); *Handler v. Thrasher,* 191 F.2d 120, 123 (10th Cir.1951). The only type of equitable estoppel defense recognized by courts is the "Good Faith Defense" of the Portal to Portal Act of 1947, 29 U.S.C. § 259, which protects an employer from FLSA liability if it relied on an opinion in writing from the Administrator of the Wage and Hour Division. However, Defendant has not asserted any factual support for a Good Faith Defense. Accordingly, the estoppel defense is legally invalid and must be stricken with prejudice.

### H.    <u>Affirmative Defense No. 8</u>

Affirmative Defense No. 8 states: "As an eighth affirmative defense, the Defendants state that the regular rate cannot be computed based upon periods of time during which they performed no work, including breaks, exempted travel, vacation and/or sick leave, worker's compensation leave, or were otherwise absent from the workplace during that week, including during holidays, missing meetings and other functions attended voluntarily.."

Defendants' Affirmative Defense No. 8 should be stricken as it is a bare bones legal conclusion, is insufficient as a matter of law, lack requisite factual support, fail to provide Plaintiff's proper notice of the grounds on which they rest, are mere denials, are redundant, are unduly prejudicial to Plaintiff's prosecution of this case, do not comport with *Iqbal/Twombly*, or are otherwise improper, they should accordingly be stricken.

## CONCLUSION

For the foregoing reasons, the Court should strike the Defendants' affirmative defenses.

## CERTIFICATE OF CONFERRAL

I HEREBY CERTIFY that undersigned counsel have conferred by e-mail in a good faith effort to resolve the issues raised in the motion but have been unable to do so.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 21st day of June, 2022, a true and correct copy of the foregoing was filed via the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to Counsel of Record.

The Kleppin Firm, P.A.
*Attorneys for Plaintiff*
8751 W. Broward Blvd.
Suite 105
Plantation, FL 33324
Tel. (954) 424-1933
Fax  (954) 474-7405

By:   s/Allyson Morgado
        Allyson Morgado
        Fla. Bar No. 91506