UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-60854

PAUL FORSYTHE,

     Plaintiff,

v.

STARBOARD YACHT GROUP, LLC, a Florida
limited liability company, and JAKE
STRATMANN, an individual,

     Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE AND/OR FOR PARTIAL JUDGMENT ON THE PLEADINGS WITH
RESPECT TO DEFENDANTS' AFFIRMATIVE DEFENSES [DE 16]**

Defendants Starboard Yacht Group, LLC, and Jake Stratmann, respond in opposition to

Plaintiff's Motion to Strike and/or for Partial Judgment on the Pleadings with Respect to

Defendants' Affirmative Defenses [DE 16].

I.    **Introduction.**

This is an action brought by Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C.

§ 201 *et seq*. On May 31, 2022, Defendants filed an Answer and Affirmative Defenses [DE 6]

asserting a total of eight (8) affirmative defenses. On June 21, 2022, Plaintiff filed the instant

Motion to Strike [DE 16] whereby Plaintiff seeks to strike all eight of Defendant's affirmative

defenses because they lack sufficient facts and/or are mere denials. Ironically, much of Plaintiff's

objections to Defendant's defenses appear to be boilerplate in nature. Defendant submits that each

of its affirmative defenses surpass the threshold pleading standard accepted by Court's in this

district and/or are otherwise applicable defenses. Plaintiff's Motion should be denied in its entirety.

II.     **<u>Defendants' Affirmative Defenses are sufficiently pled.</u>**

Plaintiff relies heavily on *Iqbal* and *Twombly* in support of the notion that affirmative defenses are held to the same pleading standard as those for complaints. Plaintiff's reliance, however, is misplaced as enunciated in *Securities and Exchange Commission v. 1 Global Capital, LLC*:

> The difference in language between Rules 8(a) and Rule 8(b) is subtle but significant. While Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(b) merely requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(a) and (b). Stated more directly, the language of Rule 8(a) requires the party to "show" that they are entitled to relief, while Rule 8(b) does not. See *Moore v. R. Craig Hemphill & Assocs*., 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014) ("Whereas [Rule 8's] pleading provision uses, 'showing,' its response and affirmative-defense provisions use, 'state,' and Iqbal's and Twombly's analyses relied on 'showing' "); *Floyd v. SunTrust Banks, Inc.*, 2011 WL 2441744 at *7 (N.D. Ga. June 13, 2011) ("In adopting the plausibility standard, the Supreme Court relied heavily on the rule language purporting to require a 'showing' of entitlement to relief.") (citation omitted); *Smith v. Wal-Mart Stores, Inc.*, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012) (noting that the Supreme Court in Twombly and Iqbal relied on the specific language of Rule 8(a), and finding that the plausibility requirement contained therein was inapplicable); *Ramnarine v. CP RE Holdco 2009-1, LLC*, 2013 WL 1788503, at *3 (S.D. Fla. Apr. 26, 2013) (explaining that "the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses"). Comparable to Rule 8(b), Rule 8(c) requires that a party "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "[T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.' " *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (quoting *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988)).

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

331 F.R.D. at 437 (S.D. Fla. 2019). To this end, Plaintiff's argument that none of Defendants' defenses "comport with *Iqbal/Twombly*" is flawed in that "*Iqbal/Twombly*", and consequently Fed. R. Civ. P. 8(a), does not apply to affirmative defenses.

Notwithstanding Plaintiffs entire Motion is predicated on a misapplication of the proper legal standard for affirmative defenses, each of Defendants' affirmative defenses are pled with sufficient factual matter to withstand scrutiny even pursuant to Fed. R. Civ. P. 8(a). Each of the affirmative defenses cited by Defendants contain enough factual matter to place Plaintiff on notice of any additional issues that may be raised at trial so as to allow Plaintiff to properly litigate those issues. Defendants' affirmative defenses are as follows:

1. As a first affirmative defense, the Defendants state that any alleged overtime by the Plaintiff spent on the job in excess of Plaintiff's work week was de minimis as defined under the FLSA, 29 U.S.C. § 207(a)(1), and therefore, Plaintiffs are not entitled to compensation.

   a. Defendant submits that this defense requires no additional factual support as the defense speaks for itself. Further, Defendant submits this is a proper affirmative defense because if this set of facts if proven by the Defendants, such facts defeat or mitigate the legal consequences of claim asserted by Plaintiff. Plaintiff's objection to Defendants' First Affirmative Defense should therefore be overruled.

2. As a second affirmative defense, the Defendants state that if Plaintiff proves that Defendants acted in violation of the FLSA, either by action or omission, which is denied, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such actions or omissions were not in violation of the FLSA. Thus, Plaintiff's claims are therefore limited to two years, not three years.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

a. Defendants submit that this defense requires no additional factual support as the defense speaks for itself and is affirmatively avoiding a claim for willfulness. Further, Defendant submits this is a proper affirmative defense because if this set of facts if proven by the Defendants, such facts defeat or mitigate the legal consequences of claim asserted by Plaintiff. Plaintiff's objection to Defendants' Second Affirmative Defense should therefore be overruled.

3. As a third affirmative defense, the Defendants state that Plaintiff's claims arising more than two years prior to the date of the filing of the Complaint are barred by the statute of limitation as defined in the Portal-to-Portal Act 29 U.S.C. § 255. Defendants further state that Plaintiff's claims are barred, as the acts or omissions complained of were done in good faith and the Defendants were acting in good faith in reliance on and conformity with the Portal-to-Portal Act, 29 U.S.C. § 255.

a. Defendants submit that this defense concerns statute of limitations for bringing the subject clams and is a proper affirmative defense. The Portal to Portal Act further allows for certain avoidances in the context of an FLSA claim and is likewise properly asserted by Defendants herein. Further, Defendant submits this is a proper affirmative defense because if this set of facts if proven by the Defendants, such facts defeat or mitigate the legal consequences of claim asserted by Plaintiff. Plaintiff's objection to Defendants' Third Affirmative Defense should therefore be overruled.

4. As a fourth affirmative defense, the Defendants state that Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act, 29 U.S.C. § 254."

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

a. Defendant submits that this defense requires no additional factual support as the defense speaks for itself. The Portal to Portal Act further allows for certain avoidances in the context of an FLSA claim and is likewise properly asserted by Defendants herein. Further, Defendant submits this is a proper affirmative defense because if this set of facts if proven by the Defendants, such facts defeat or mitigate the legal consequences of claim asserted by Plaintiff. Plaintiff's objection to Defendants' Fourth Affirmative Defense should therefore be overruled.

5. As a fifth affirmative defense, the Defendants state that if Plaintiff is entitled to any additional wages, which Defendants expressly deny, he is only entitled to receive half time pay for any overtime hours because he was paid for all hours worked.

a. Defendant submits that this defense requires no additional factual support as the defense speaks for itself. Defendant further submits this is a proper affirmative defense because if this set of facts if proven by the Defendants, such facts defeat or mitigate the legal consequences of claim asserted by Plaintiff. Plaintiff's objection to Defendants' Fifth Affirmative Defense should therefore be overruled.

6. As sixth affirmative defense, the Defendants state that if Plaintiff proves that Defendants acted in violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA. Defendants accordingly request this Court, in the exercise of its discretion, not make an award of liquidated damages to Plaintiff, should any omission have occurred.

a. Defendant submits that this defense requires no additional factual support as the defense speaks for itself. Defendant submits this is a proper affirmative defense

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

because if this set of facts if proven by the Defendants, such facts defeat or mitigate the legal consequences of claim asserted by Plaintiff. Plaintiff's objection to Defendants' Sixth Affirmative Defense should therefore be overruled.

7. As a seventh affirmative defense, the Defendants state that Plaintiff's claims are barred by the doctrines of estoppel and/or estoppel by silence in that Plaintiff failed to accurately report hours allegedly worked and/or Defendants were unaware that Plaintiff worked the hours claimed.

   a. An exception to the general rule provides that estoppel can be a valid defense to an FLSA claim where the party asserting estoppel is not seeking to entirely preclude the opposing party from bringing its FLSA claim. *See Merriweather v. Latrese & Kevin Enters., Inc.,* 2009 U.S. Dist. LEXIS 48974, 2009 WL 1514640, at *4 (M.D.Fla. May 28, 2009) (holding estoppel is a valid defense to an FLSA claim when defendants seek to estop plaintiff from "seeking overtime compensation in excess of the amount of hours reflected in the records kept of his working time"). *Hansen v. ABC Liquors, Inc.*, 3:09-CV-966-J-34MCR, 2009 WL 3790447, at *4 (M.D. Fla. Nov. 9, 2009). Here, Defendant seeks to do just that, namely, to estop plaintiff from seeking overtime compensation in excess of the amount of hours reflected in the records kept of his working time, if any. Plaintiff's objection to Defendants' Seventh Affirmative Defense should therefore be overruled.

8. As an eighth affirmative defense, the Defendants state that the regular rate cannot be computed based upon periods of time during which they performed no work, including breaks, exempted travel, vacation and/or sick leave, worker's compensation leave, or were

otherwise absent from the workplace during that week, including during holidays, missing meetings and other functions attended voluntarily.

a. Defendant submits that this defense requires no additional factual support as the defense speaks for itself. Defendant submits this is a proper affirmative defense because if this set of facts if proven by the Defendants, such facts defeat or mitigate the legal consequences of claim asserted by Plaintiff. Plaintiff's objection to Defendants' Eighth Affirmative Defense should therefore be overruled.

For the foregoing reasons, Plaintiff's Motion to Strike [DE 16] should be denied in its entirety.

WHEREFORE, Defendants Starboard Yacht Group, LLC, and Jake Stratmann, respectfully request this Court deny Plaintiff's Motion to Strike and/or for Partial Judgment on the Pleadings with Respect to Defendants' Affirmative Defenses [DE 16] in its entitery and for any other and further relief this Court deems just and proper.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of July, 2022, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (305) 350-5338
Facsimile (305) 373-2294
Primary e-mail: edward.polk@csklegal.com
Secondary e-mail: edward.polk@csklegal.com

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

By:   s/ Marc A. Rapaport
      EDWARD S. POLK
      Florida Bar No.:  239860
      MARC A. RAPAPORT
      Florida Bar No.: 1008359

0439.0817-00/-1

8