UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-60854

PAUL FORSYTHE,

     Plaintiff,

v.

STARBOARD YACHT GROUP, LLC, a Florida
limited liability company; and JAKE
STRATMANN, an individual

     Defendant.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM [DE 13]**

Defendants Starboard Yacht Group, LLC, and Jake Stratmann, respond to Plaintiff's Statement of Claim [DE 13] and state that Plaintiff is an exempt employee and therefore not entitled to overtime pay pursuant to the Fair Labor Standard Act. In the alternative, should this Court find Plaintiff is a non-exempt employee under FLSA, which Defendants deny, any violation was not willful or reckless, and Plaintiff is therefore not entitled to liquidated damages for any unpaid overtime.

I.    **Introduction.**

Plaintiff Paul Forsythe alleges that "[w]ithin the past three (3) years[1], (early 2020 to August 2020) Forsythe worked for the Defendants performing various duties." [DE 13, p.1]. Forsythe alleges that while he first worked under the title "Project Manager" his duties only first consisted of performing manual labor and administrative tasks, at compensation of about $1,000.00 a week. Forsythe alleges he did not have the ability to hire or fire anyone and did not regularly and

_____

[1] Defendants note that Plaintiff's reference to "three years" appears to be a scrivener's error.

customarily direct the work of any employee "much less two or more full-time workers". *Id.* In other words, Forsythe alleges that during the relevant time period, he was a non-exempt employee entitled to overtime pay pursuant to the FLSA. Specifically, Forsythe alleges he worked "in excess of forty (40) hours per workweek, typically 60-70 hours per week on average. He was paid $25/hr. So, for 20 overtime hours at an overtime rate of $37.50/hour for 30 weeks totals $22,500.00" *Id.* at p.2. Plaintiff's stated position is incorrect on all points.

**II.** **Plaintiff was at all relevant times an exempt employee and therefore not entitled to overtime pursuant to the FLSA.**

To qualify as an "exempt" employee under the FLSA, the employee must be compensated "on a salary basis pursuant to § 541.600 at a rate of not less than $684 per week . . . [the employee's] primary duty is management of . . . a customarily recognized department [of the enterprise in which the employee is employed . . . [the employee] customarily and regularly directs the work of two or more other employees . . . [and the employee] has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 CFR § 541.100.

   i.   *Parts Manager and Service Coordinator and Sales Assistant*

In January 2020 Plaintiff was hired by Defendants as a "Parts Manager and Service Coordinator and Sales Assistant". *See* Employee Contract, attached hereto as Exhibit "1". Plaintiff's express "prime responsibilities" included but were not limited to:

- Growing the gross margin of the Company in all product lines;

- Developing vendor relationships and performing research for all ordered parts and materials to ensure all purchases made yielding a target Starboard Yacht Group 30% gross profit if below retail and/or best price possible;

- Managing the parts sourcing, ordering, issuing of PO's inventory, inventory control, company equipment;

- Working with service manager and project manager to determine best work flow and work schedule for all engineering and painting work;

- Working to implement Entrepreneurial Operating System ("EOS");

- Working with President to create and establish an organization with clearly defined roles and responsibilities which hold people accountable;

- Working with the company's core values and vision.

*Id.*, p. 1.

In addition, Plaintiff's express "Authority" in his capacity as Parts Manager and Service Coordinator and Sales Assistant consisted of:

- Managing the Starboard Yacht Group Shop and Parts Department;

- Purchasing consumable supplies and parts; and

- Disciplining employees and subcontractors.

Clearly, in Plaintiff's role as Parts Manager and Service Coordinator and Sales Assistant, he, at the very least, managed a recognized department of Starboard Yacht Group and, being authorized to discipline employees and subcontractors, his suggestions and recommendations for hiring and change of potential status of other employees were given particular weight. Plaintiff admits that he was paid a salary of at least $1,000 a week. [DE 13, p.2] It is clear that Mr. Forsythe was, during his time as Parts Manager and Service Coordinator and Sales Assistant, an exempt employee as defined by 29 CFR § 5410.100.

ii.    *Transition to "Integrator"*

During Mr. Forsythe's employment he began, while remaining Parts Manager and Service Coordinator and Sales Assistant, transitioning into an "Integrator" role on behalf of the company, whereby his main duties, in addition to those provided for by his Parts department role, consisted

3

of now being the Lead Manager for Accountability ("LMA"), implementing the EOS process for Starboard Yacht Group, LLC[2], and leading the "Keep it Simple, Stupid (KISS)" process. *See* Accountability Chart depicting Plaintiff Paul Forsythe as "Integrator", attached hereto as Exhibit "2". It is undeniable that Mr. Forsythe's role elevated from running a recognized department of Starboard Yacht Group, including managing multiple employees at a time, to generally managing specific aspects of the enterprise, including his comments and observations being influential in both hiring and firing of employees through his accountability compliance role.

Simply put, at all relevant times Plaintiff Paul Forsythe was an exempt employee of Starboard Yacht Group, LLC, and not entitled to overtime pay under the FLSA.

### III.   <u>Plaintiff misrepresents his employment records.</u>

As noted above, Plaintiff alleges he worked "in excess of forty (40) hours per workweek, typically 60-70 hours per week on average." *Id*. at p.2. Such statements are directly controverted by Plaintiff's payroll records, attached hereto as composite Exhibit "3". For example, Plaintiff's statement that he worked an average of 60-70 hours is invalid, as Plaintiff *never* worked, even one week, 60 hours or more, during the period of January 6, 2020, through August 2, 2020. Moreover, Plaintiff fails to recognize that there were some weeks he did not even work 40 hours; that he received 40 hours of sick pay during the period of July 27, 2020, to August 2, 2020; and, in making such representations, did not account for holiday pay he received. Plaintiff's allegations regarding his compensation are therefore meritless and directly contradicted by his payroll records.

---

[2] Written by entrepreneur Gino Wickman, Entrepreneurial Operating System (EOS) is a "self-help" style program for businesses and and outlines six key business components: Vision, People, Data, Issues, Process and Traction. According to Wickman, companies need to define and align these core components.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

**IV.**     <u>**Any violation of the FLSA by Defendants was not willful or reckless.**</u>

Should this Court find Plaintiff was at any relevant time a non-exempt employee, Defendants submit that any violations of the FLSA were not willful or reckless. Plaintiff is therefore not entitled to liquidated damages for any unpaid overtime. Defendants at all relevant times paid Plaintiff in accordance with the terms of his employment agreement and maintained a good faith belief that Plaintiff was being compensated appropriately. Moreover, as noted, Defendant takes the position that Plaintiff was at all relevant times an exempt employee, and therefore not entitled to overtime pursuant to the FLSA.

WHEREFORE, Defendants Starboard Yacht Group, LLC, and Jake Stratmann, demand judgment against Plaintiff and for any other and further relief this Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 12th day of July, 2022, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendants*
> Cole, Scott & Kissane Building
> 9150 South Dadeland Boulevard, Suite 1400
> P.O. Box 569015
> Miami, Florida 33256
> Telephone (305) 350-5338
> Facsimile (305) 373-2294
> Primary e-mail: edward.polk@csklegal.com
> Secondary e-mail: edward.polk@csklegal.com
>
> By:   s/ Marc A. Rapaport
>       EDWARD S. POLK
>       Florida Bar No.:  239860
>       MARC A. RAPAPORT
>       Florida Bar No.: 1008359

0439.0817-00/-1