UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-cv-60854

PAUL FORSYTHE,

       Plaintiff,

v.

STARBOARD YACHT GROUP, LLC, a
Florida limited liability company, and
JAKE STRATMANN, an individual,

       Defendants.

_____/

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Plaintiff, Paul Forsythe ("Forsythe"), files this Reply Memorandum in support and states:

**PRELIMINARY STATEMENT**

The Defendants' only argument is that all of the defenses are appropriate and should not be stricken.  This argument has no merit.

**MEMORANDUM OF LAW**

I.    **DEFENDANTS' AFFIRMATIVE DEFENSES DO NOT WITHSTAND SCRUTINY AND PLAINTIFF'S MOTION TO STRIKE SHOULD BE GRANTED.**

Defendant argues that "each of Defendants' affirmative defenses are pled with sufficient factual matter to withstand scrutiny even pursuant to Fed. R. Civ. P. 8(a)" and that each "contain enough factual matter to place Plaintiff on notice of any additional issues that may be raised at trial so as to allow Plaintiff to properly litigate those. . ." [DE 17, p. 3]. However, Defendants' affirmative defenses contain no factual matter and do not provide Plaintiff with the required notice. This contention is bolstered by the fact that other cases when discussing what level of notice is required have held that Rule 8(b)(1)(A) of the Federal Rules of Civil Procedure applies to

affirmative defenses. *FDIC v. Bristol Home Mortg. Lending, LLC,* 2009 WL 2488302, at *2 (S.D. Fla.).  Rule 8(b)(1)(A) requires a party to "state in short and plain terms its defenses to each claim asserted against it." Although under Rule 8 a defendant does not have to set forth detailed factual allegations, the defendant must give the plaintiff "fair notice" of the nature of the defense *and the grounds upon which it rests. Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Grovenor House, L.L.C. v. E.I. Du Pont De Nemours & Co.,* 2010 WL 3212066, at *2 (S.D. Fla. )); *see, e.g., Castillo v. Roche Labs., Inc.,* 2010 WL 3027726 (S.D. Fla.) (finding that it would be nonsensical " 'to require a plaintiff to provide [the] defendant with enough notice that there is a plausible, factual basis for ... [his] claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense may possibly apply in the case.' " (quoting *Palmer,* 2010 WL 2605179, at *4)).  Yes, what the *Castillo* case flatly rejects (labelling of an affirmative defense) the Defendant claims it can do.[1]

Affirmative defense No. 1 states:  "As a first affirmative defense, the Defendants state that any alleged overtime by the Plaintiff spent on the job in excess of Plaintiff's work week was *de minimis* as defined under the FLSA, 29 U.S.C. § 207(a)(1), and therefore, Plaintiffs are not entitled to compensation." For the de minimis defense, which we question whether it is an affirmative defense, if it is, there must be a confession and avoidance, yes overtime was worked on such and

---

[1] In *Morrison*, 434 F.Supp.2d at 1318, this Court noted that affirmative defenses are also subject to the general pleading standard of Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the asserted defense. *See Morrison v. Executive Aircraft Refinishing, Inc.,* 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005).  While the rule does not require presentation of detailed facts, it does require the party raising the affirmative defense to "do more than make conclusory allegations." *Id.* (quoting *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 684 (M.D. Fla. 2002)). Accordingly, despite liberal pleading requirements, where an affirmative defense is no more than "bare bones conclusory allegations, [it] must be stricken." *Morrison,* 434 F.Supp.2d at 1318. *See also Merrill Lynch Business Financial Services, Inc. v. Performance Machine Systems USA,* 2005 WL 975773, *11 (S.D. Fla. 2005) (affirmative defenses are subject to the general pleading requirements of Rule 8(a) "and will be stricken if they failed to recite more than bare-bones conclusory allegations").

such weeks and was not paid because the time was de minimis, that is, of a few seconds or perhaps minutes that is difficult administratively to capture.  Because none of those particulars are provided, it is not a plausible defense.  If the plausibility standard is not applicable and defenses are analyzed on a different footing than allegations in a complaint, they should still be stricken because they are bare legal conclusions.  These reasons are precisely why they should be stricken.

Concerning defense numbers 2, 3, 4 and 5, Defendants defenses merely deny liability and are bare bones legal conclusions with no factual support. They should be stricken. Defense 6, 7, and 8, that Defendants engaged in good faith, did not engage in willfulness, estoppel—Defendants again provide no facts that support those defenses. None of the cases cited by the Defendants upheld defenses pled in the manner Defendants pled them here.  Concerning good faith regarding liquidated damages, that may be an affirmative defense, but needs to contain facts that support it. Defendants chose to provide no facts at all, none in support, which warrants that it be stricken. Learning more about the case will only assist in resolution of the matter, which should be important to the Court.

The question of willfulness and good faith presents a related inquiry, and "the judge and jury answer what is essentially the same question for two different purposes." *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1162 (11th Cir. 2008)). First, the "willfulness or good faith question is answered . . . . by the jury to determine the period of limitations". *Id.* (alterations added). "The statute of limitations for a claim seeking unpaid overtime wages under the FLSA is generally two years." *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1280 (11th Cir. 2008) (citing 29 U.S.C. § 255(a)). "But if the claim is one 'arising out of a willful violation,' the statute of limitations is extended to three years." *Id.* (quoting 29 U.S.C. § 255(a)). To establish a willful violation, a plaintiff must prove by a preponderance of the evidence the defendant either knew their conduct was prohibited by the

FLSA or showed reckless disregard—failure to make adequate inquiry—about whether it was. *See id.*

"[I]f there is a verdict for the employee," the willfulness or good faith question is answered "again by the judge to determine whether to award liquidated damages." *Alvarez Perez,* 515 F.3d at 1162 (alteration added). "When the jury finds an employer has violated the FLSA and assesses compensatory damages, the district court generally must add an award of liquidated damages in an equal amount." *Morgan,* 551 F.3d at 1282 (citing 29 U.S.C. § 216(b); *Alvarez Perez,* 515 F.3d at 1163). "However, the district court has discretion to reduce or deny liquidated damages 'if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA].'" *Id.* (quoting *Alvarez Perez,* 515 F.3d at 1163) (brackets in original; footnote call number omitted).

"The employer bears the burden of establishing both the subjective and objective components of that good faith defense against liquidated damages." *Alvarez Perez,* 515 F.3d at 1163 (citations omitted). "Subjective good faith means the employer has an honest intention to ascertain what the FLSA requires and to act in accordance with it." *Friedman v. S. Fla. Psychiatric Assoc., Inc.,* 139 Fed.Appx. 183, 185 (11th Cir. 2005) (citing *Dybach v. State of Fla. Dept. of Corr.,* 942 F.2d 1562, 1566 (11th Cir. 1991)). "Objective good faith means the employer had reasonable grounds for believing its conduct comported with the FLSA." *Id.* at 186 (citing *Dybach,* 942 F.2d at 1566). Courts in this District have held "mere reliance on the advice of counsel is insufficient to satisfy defendants' burden in proving their good faith." *Fuentes v. CAI Int'l, Inc.,* 728 F.Supp.2d 1347, 1358 (S.D.Fla.2010) (alteration added; citation omitted) (denying summary judgment on defendants' defense of good faith reliance on advice of counsel where defendants failed "to

4

identify record evidence to establish what they disclosed to their attorney in seeking and obtaining his advice and whether that legal advice was reasonable"); *see also Rakip v. Paradise Awnings Corp.,* 2010 WL 4553675, at *7 (S.D. Fla.) (denying summary judgment on the defense of good faith reliance on the advice of counsel, finding a declaration "that simply states that Paradise Awnings received legal advice about whether it was properly paying the [p]laintiffs, and that the advice was that the [p]laintiffs were exempt from the FLSA," insufficient) (alterations added)).

"[T]o reap the benefit of the good faith defense of [29 U.S.C. §] 260 based on the advice of counsel the defendant must honestly and truly seek the advice of counsel, counsel must give advice that is reasonable in a legal sense, and the defendant must act in strict conformity with that advice." *Fuentes,* 728 F.Supp.2d at 1358 (alterations added; citation omitted); *see also Dybach,* 942 F.2d at 1567 (assuming, *arguendo,* defendant satisfied the subjective component of good faith, "the employer still must shoulder the additional requirement of showing that the employer had reasonable grounds for believing that its conduct comported with the [FLSA]." (alterations added; internal quotation marks and citation omitted)). All of this is completely lacking in the affirmative defense, which is why it should be stricken. Indeed, this very Court struck such an affirmative defense when no factual basis was pled to support it. *Morrison v. Executive Aircraft Refinishing, Inc.,* 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005).

**CONCLUSION**

For the foregoing reasons, the Court should strike the Defendants' affirmative defenses.

Respectfully submitted,

By:  /s/Allyson Morgado
        Chris Kleppin
        Fla. Bar No. 625485
        ckleppin@gkemploymentlaw.com
        Allyson Morgado
        Fla. Bar No. 91506

amorgado@gkemploymentlaw.com
The Kleppin Law Firm
*Attorneys for Plaintiff*
8751 West Broward Blvd
Suite 105
Plantation, Florida 33324
Tel. (954) 424-1933
Fax: (954) 474-7405
Secondary E-Mails:      assistant@gkemploymentlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 12, 2022 a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Allyson Morgado*
Allyson Morgado

6