UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CV-60854-SINGHAL/VALLE

PAUL FORSYTHE,

      Plaintiff,

v.

STARBOARD YACHT GROUP, LLC, a Florida
limited liability company, and JAKE
STRATMANN,

      Defendants.

_____/

**DEFENDANTS' MOTION *IN LIMINE* REGARDING
<u>REFERENCES TO PRIOR LITIGATION</u>**

Defendants Starboard Yacht Group, LLC, and Jake Stratmann, move *in limine* to preclude Plaintiff from making references to prior litigation involving Starboard Yacht Group and Jake Stratmann, apart from the instant litigation, as the sole purpose of such testimony would be to induce a jury to view Defendants in a poor light and attempt to establish liability of the Defendants by the outcome of completely separate lawsuits. This is evident from certain references in Plaintiff's newly filed Motion for Summary Judgment [DE 36][1] wherein Plaintiff argues that because a previous employee of the Defendants obtained a Final Judgment against them, the Defendants must be engaging in the same practices in the instant case. The probative value of such testimony would be substantially outweighed by the dangers of unfair prejudice.

## I. <u>Introduction</u>

This is an FLSA overtime wage claim in which Plaintiff Paul Forsythe asserts unpaid overtime wages. Defendants assert Mr. Forsythe served in a managerial role and is exempt from

---

[1]Plaintiff's apparent intent to argue the Defendants must be liable in this case because they were liable in a prior case by a different employee was manifested in his Motion for Summary Judgment filed late in the day on January 29, 2024, the last day for filing motions. Defendants are presenting this motion immediately upon notice of Plaintiff's intent and therefore respectfully request an enlargement of time until today for filing this motion.

overtime wages under the FLSA. On January 29, 2024, Plaintiff filed a Motion for Summary Judgment including substantial argument concerning a prior employee of the Defendants, Omar Shirley, who sued the Defendants on similar theories and apparently obtained a Final Judgment against them. Plaintiff argues Defendants were previously sued for alleged unpaid overtime and lost the case, thereby somehow establishing Plaintiff is also entitled to overtime wages.

## II.   <u>Legal Standard</u>

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *see also United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect*." United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

## III.   <u>Argument</u>

Plaintiff's Motion for Summary Judgment [DE 36] contains numerous references to a prior litigant/employee of Defendants, Omar Shirley, who apparently obtained a Final Judgment against the Defendants in his lawsuit. Plaintiff should be precluded from any references to the prior litigation or admitting any purported commentary or testimony by the Defendants in the prior litigation, as the sole purpose of admitting such testimony would be to disparage the Defendants

and portray them in a poor light to a jury, suggesting a prior fact finder has found in favor of a prior plaintiff and this jury should therefore do the same. Plaintiff argues "[t]he willfulness of Defendant's conduct is evident when one considers the Defendants' elaborate schemes to create an end run around the FLSA, while admitting in the *Shirley* case the PM [Parts Manager] was entitled to overtime." *Id.* at p. 9. Plaintiff cites to no record evidence that such an admission was made, and simply because a prior plaintiff somehow procured a Final Judgment against the Defendants on the facts of his claim does not mean the Defendants have admitted to any of the conduct alleged by Shirley, or that the jury in this case should follow that outcome as precedent. The facts, circumstances and terms of this Plaintiff's employment are unique to him and are not governed or dictated by the outcome of a claim by some other former employee.

Moreover, if such evidence is allowed, Defendants believe Plaintiff will also seek to reference several other lawsuits on various theories by former aggrieved employees who have all been represented by the same attorney. Prior disputes of other individuals with these Defendants does not make this Plaintiff's overtime claim more or less likely.

## IV.   <u>Conclusion</u>

For the reasons stated herein, this Court should preclude Plaintiff from referring to prior litigation involving Starboard Yacht Group and Jake Stratmann, as such testimony would only serve to cause unfair prejudice, confuse the issues, mislead the jury or waste time. The Defendants respectfully request such other and further relief this Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 30th day of January, 2024, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (305) 350-5338
Facsimile (305) 373-2294
Primary e-mail: edward.polk@csklegal.com
Secondary e-mail: marc.rapaport@csklegal.com


By:    s/ *Edward S. Polk*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
EDWARD S. POLK
Florida Bar No.:  239860
MARC A. RAPAPORT
Florida Bar No.: 1008359

0439.0817-00/-1