UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60854-CIV-AHS

PAUL FORSYTHE,

     Plaintiff,

v.

STARBOARD YACHT GROUP, L.L.C., a
Florida limited liability company, and
JAKE STRATMANN, an individual,

     Defendants.

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE

Plaintiff, Paul Forsythe ("Forsythe"), through his undersigned attorneys, files this Motion in Limine, and states:

### BACKGROUND

This is a wage and hour case.  Forsythe asserts allegations against the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*  (*Complaint* ¶ 1).  Forsythe was not paid overtime by the Defendants, even though the person Forsythe replaced (Omar Shirley) filed a FLSA lawsuit based on overtime violations against Defendants (just like this suit) and litigated it to a final judgment in his favor, *all while Forsythe was employed by the Defendants but was not being paid overtime*.  (*See Final Judgment*, attached hereto as Exhibit 1).  Further, John Haney was a Project Manager who filed suit for overtime at about the same time the *Shirley* case was litigated, and the *Haney* case was also settled, which settlement was approved by the Court.

Forsythe worked for Defendants from very early 2020 to August 2020), Forsythe worked for the Defendant performing various duties: Forsythe worked under the title "Parts Manager", which

duties at first included performing manual labor fixing boats, attempting to bring in business (boat owners with their boats) and whatever other tasks to which he was assigned, and his compensation was to be $25hr which translated to approximately $1,000wk.  Forsythe had no ability to hire or fire anyone (nor did he hire or fire anyone) and he did not regularly and customarily direct work of any employee, much less two or more full-time workers.

Defendants seek to exclude the evidence of the *Shirley* Final Judgment and apparently the *Haney* case, as well.  Of course, those cases are highly relevant because they show that Defendants knew or should have known that Forsythe was entitled to overtime and thus pertain to whether liquidated damages should be assessed, willfulness should be found (which Defendants deny), and whether the overtime hours worked by the Parts Manager were de minimis or not (Defendants' First Affirmative Defense).  While Forsythe does have a motion for summary judgment pending, if that motion is denied and willfulness and good faith for liquidated damages are litigated, or for that matter if *de minimis* is litigated, the fact that Shirley obtained a final judgment for overtime in his favor against Defendants is highly relevant to the various defenses raised by the Defendants, including their assertion (though not raised as a defense) that the position was exempt under the administrative and/or executive exemption.  For these reasons, and others, the motion should be denied.

### MEMORANDUM OF LAW

I.    **DEFENDANTS MOTION IN LIMINE SHOULD BE DENIED BECAUSE THE EXISTENCE OF OTHER LAWSUITS AND A FINAL JUDGMENT IS RELEVANT TO SEVERAL ISSUES.**

The courts have held that previous lawsuits are admissible in FLSA cases, because they show the Defendants' awareness that overtime may be owed.  *Mendez v. Integrated Tech Group, LLC*, 2020 WL 10459634 (S.D. Fla.) (citing cases); *see also Bonachea-Perez v. Ore Seafood, Inc.*,

2011 WL 13220938 (S.D. Fla); *Vega v. OC Electrical LLC*, 2020 WL 13413701 (S.D. Fla.); *Contreras v. Aventura Limousine Serv.*, 2014 WL 1188096 (S.D. Fla.) (Dimitrouleas, J.).

To satisfy the good faith requirement, an employer must show that it acted with both subjective and objective good faith *Wacjman v. Investment Corp. of Palm Beach*, 620 F.Supp.3d 1353 (S.D. Fla. 2009) (citing *Rodriguez v. Farm Graocery Stores, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008)), and "upon such reasonable grounds that it would be unfair to impose upon [it] more than a compensatory verdict." *Bozeman v. Port–O–Tech Corp.,* 2008 WL 4371313, *15 (S.D.Fla. Sept. 19, 2008) (*quoting Joiner,* 814 F.2d at 1538). To demonstrate the subjective component, an employer must show that it had "an honest intention to ascertain what the FLSA requires and to act in accordance with those requirements." *Feniger v. Cafe Aroma,* 2007 WL 853735, *3 (M.D. Fla. March 16, 2007) (citing *Dybach v. State of Fla. Dep't of Corr.,* 942 F.2d 1562, 1566 (11th Cir. 1991)). Proving the objective component of the good faith defense requires the employer to demonstrate that it had a reasonable belief that its conduct conformed with the FLSA. *See Chao v. Tyson Foods, Inc.,* 568 F.Supp.2d 1300, 1322 (N.D. Ala. 2008). If the employer can demonstrate that it had both a subjective belief that it was compliant with the FLSA and that it also had an objectively reasonable basis for its belief, then the Court may apply the safe harbor provision and limit or deny an award of liquidated damages. *See Stevenson v. Orlando's Auto Specialists, Inc.,* 2008 WL 4371830, *4 (M.D. Fla.). "Absent a showing of both the subjective and objective elements of the good faith defense, liquidated damages are mandatory." *Dybach v. State of Fla. Dept. of Corrections,* 942 F.2d 1562, 1566–67 (11th Cir. 1991) (citation omitted). Here, the affirmative defense is deficient because it does not set forth either the objective or the subjective component and any facts that support same.

As stated, in order to evade the imposition of liquidated damages, which are mandatory under 29 U.S.C. § 260, an employer has the burden to prove that its violation of the FLSA was "'both in good faith and predicated upon such reasonable grounds that it would unfair to impose upon it more than a compensatory verdict.'" *Joiner v. City of Macon*, 814 F.2d 1529, 1539 (11th Cir. 1987) (quoting *Reeves v. International Telephone and Telegraph Corp.*, 616 F.2d 1342, 1352-53 (5th Cir. 1980)). This is a longstanding rule of law in this Circuit. *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979). In *Barcellona*, the court specifically held that "good faith requires some duty to investigate potential liability under FLSA." *Id.* The *Joiner* court noted that an employer cannot establish his burden to show both good faith and that it acted on reasonable grounds if the employer "knew or had reason to know that the FLSA applied". *Joiner*, 814 F.2d at 1539.

In this case, the final judgment and evidence of the *Haney* suit are clearly relevant to whether the Defendants can prove that liquidated damages should not apply. These suits and their outcomes put the Defendants on notice that the FLSA applied to Forsythe.

Additionally, the final judgment and *Haney* suit are also relevant to whether the statute of limitations should be extended to three years, as opposed to the two-year statute of limitations. The FLSA provides for a two-year statute of limitations, unless the violation was willful, and if it was willful, a three-year statute of limitations is applicable. 29 U.S.C. § 255(a). In the Eleventh Circuit, the test concerning whether a violation of the FLSA was "willful" is simply stated as "Did the employer know the FLSA was in the picture?" *Brennan v. General Motors Acceptance Corp.*, 482 F.2d 825, 828 (5th Cir. 1973) (quoting *Coleman v. Jiffy June Farms, Inc.*, 458 F.2d 1139, 1142 (5th Cir. 1971)). The test for willfulness was described by binding precedent in the manner above is because willfulness is shown if "the employer knew or suspected that his actions might violate

4

the FLSA." *Id.*  That is an extremely broad standard, a finding of which almost always results in the application of the three-year statute of limitations.  In both *Brennan* and *Jiffy June*, the courts applied the three-year statute of limitations because the employers had sought legal advice concerning the FLSA, and thus knew that it was in the picture.  *Id.*

Employers have raised the argument that the did-the-employer-know-the-FLSA-was-in-the-picture standard was overruled by the Supreme Court's opinion in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985), but numerous panels of the Eleventh Circuit (and the First, Fourth, Ninth, and Tenth Circuits) have held that *Thurston* had no effect on *Jiffy June*, because *Thurston* was an ADEA case, and was not brought under either the FLSA or the EPA.  *Glenn v. General Motors Corp.*, 841 F.2d 1567, 1572 (11th Cir. 1988); *Brock v. Georgia Southwestern College*, 765 F.2d 1026, 1038-39 (11th Cir. 1985).  Moreover, one panel of the Eleventh Circuit has specifically acknowledged that the did-the-employer-know-the-FLSA-was-in-the-picture standard applied to the willfulness test for FLSA cases after *Thurston*.  *Lindsey v. American Cast Iron Pipe Co.*, 810 F.2d 1094, 1099 (11th Cir. 1987).  Accordingly, the "in-the-picture' standard clearly applies, and evidence relevant to that standard is the fact that Shirley obtained a final judgment against the Defendants and Haney sued them.  Accordingly, because the prior lawsuits are relevant to various issues, the Defendant's motion should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny the Defendants' Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been duly furnished by email to opposing counsel this 13th day of February, 2024.

The Kleppin Firm, P.A.

5

Attorneys for Plaintiff
8751 W. Broward Blvd.
Suite 105
Plantation, FL 33324
Tel. (954) 424-1933
Fax  (954) 474-7405


By:___s/Chris Kleppin_____
       Chris Kleppin
       Fla. Bar No. 625485

C:/MyDocuments/Forsythe/PltResponsetoMinLimine02/13/24