UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-60854-CIV-AHS

PAUL FORSYTHE,
     Plaintiff,
v.
STARBOARD YACHT GROUP, LLC, and
JAKE STRATMANN,
     Defendants.

_____/

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Plaintiff, Paul Forsythe ("Forsythe"), files this Reply, and states.

### PRELIMINARY STATEMENT

The Defendants do not contest summary judgment as to the following issues:  1) the corporate Defendant being Forsythe's employer, 2) Defendant Stratmann being Forsythe's employer, 3) Forsythe is an employee of both Defendants, and 4) Forsythe worked overtime for which he was not compensated in the amount of 65 hours per week.  Accordingly, summary judgment on these issues is warranted in favor of Forsythe.  Forsythe will discuss in turn below the other issues that Defendants address in their Response.

### MEMORANDUM OF LAW

#### A.     The Corporate Defendant is an "Enterprise Engaged in Commerce"

While Defendants do contest Forsythe's claim that the corporate Defendant was an enterprise as a matter of law, they raise no disputed issue of fact, because they do not address the averments in Forsythe's Declaration that the corporate Defendant had two or more employees handling, working on goods or materials that have been moved in commerce and has gross annual sales volume that exceeds $500,000 per year from 2019-2023.  (*Declaration of Forsythe* ¶ 2) [D.E. 35-1 ¶ 2].  Moreover, Defendants fail to address that in the *Shirley* litigation the final judgment served as an admission the corporate was an enterprise (and that was in 2020 while Forsythe was

employed by Defendants in Mr. Shirley's former position).  (*Declaration of Forsythe* ¶ 2) [D.E. 35-1 ¶ 2]; (*See Answer and Affirmative Defenses in Shirley v. Starboard Yacht Group, LLC, et al.*, Case No. 20-60792 (S.D. Fla.) (attached hereto as Exhibit 1).  As Defendants' note, Forsythe argued Defendants seem to admit that the corporate Defendant was an enterprise engaged in commerce for purposes of 29 U.S.C. § 203(r & s) in their Answer, and Defendants do not deny that they do seem to admit that.  However, the real question is what does the summary judgment record demonstrate in terms of whether the corporate Defendant is an enterprise engaged in commerce, and that evidence is unrebutted that the corporate Defendant as a matter of law is an enterprise engaged in commerce. (*Declaration of Forsythe* ¶ 2) [D.E. 35-1 ¶ 2] (setting forth the corporate Defendant is an enterprise engaged in commerce because it has 2 or more employees handling and working on goods and materials and has over $500,000 in gross annual sales volume for 2017-2023).  Forsythe wonders how in good faith Defendants can attempt to deny this fact when the *Shirley* case was litigated while he worked there (which resulted in a final judgment in Shirley's favor), and given that Defendants do not dispute the corporate entity had more than $500,000 in gross annual sales volume in 2019-2023 and 2 or more employees—no attempt to dispute ¶ 2 of Forsythe's Declaration in Defendants' Response.  Notably, the individual who had Forsythe's job before Forsythe (Mr. Shirley) obtained a final judgment in his favor against both Defendants for overtime.  Accordingly, summary judgment should be granted in Forsythe's favor on the issue that the corporate Defendant is an enterprise engaged in commerce.

> **B.**     **The Defendants Did Not Rebut that Forsythe Worked 65 hrs/wk on Average**

The next initial issue is how the Defendants fail to address the summary judgment record evidence that Forsythe worked 65 hours per week on average—as Forsythe seeks a summary judgment ruling he worked 65 hours were week of overtime to shorten the trial (as it is not in dispute).  (*Declaration of Forsythe* ¶ 4) [D.E. 35-1 ¶ 4].  Since the Defendants do not rebut this

evidence, the Court should grant summary judgment in Forsythe's favor on his claim he worked 65 hours of overtime on average per week while working for the Defendants.  While Stratmann claims in his declaration that Defendants anticipated "managers" would work a 40-hour work week, no evidence of the actual hours worked by Forsythe were submitted by Defendants (although they claim to have that information) nor is there any evidence controverting Forsythe's testimony concerning his hours worked.

**C.      Defendants Do Cannot Create a Question of Fact They Acted in Good Faith**

The next issue is the application of liquidated damages, as to which the only argument proffered by the Defendants is that they had a FLSA audit conducted in 2017 but were not in violation of the FLSA except for a secretarial position that was not held by Forsythe.  No particulars of the audit are described, nor is there any revelation concerning whether audit included Forsythe's position.  Notably, the audit was not raised as a defense in the *Shirley* case to the imposition of liquidated damages.  (*See Answer and Affirmative Defenses in Shirley v. Starboard Yacht Group, LLC, et al.*, Case No. 20-60792 (S.D. Fla.) (second affirmative defense).  The Defendants also raise that they received legal advice concerning employees being owed overtime or not.  However, there is no description of what attorney advice was provided that constitutes reasonable reliance, rather the only evidence Defendants submit is general, vague references that apparently during or after they were sued some attorney presumably told them they were not required to pay overtime to people in Forsythe's position and other positions.  (*See Stratmann Aff.* ¶ 3).  Stratmann's vague references and conclusions do not create a question of fact on this issue.  *Fuentes v. CAI Int'l, Inc.,* 728 F.Supp.2d 1347, 1358 (S.D. Fla. 2010) (alteration added; citation omitted) (denying summary judgment on defendants' defense of good faith reliance on advice of counsel where defendants failed "to identify record evidence to establish what they disclosed to their attorney in seeking and obtaining his advice and whether that legal advice was reasonable"); *see also Rakip*

*v. Paradise Awnings Corp.,* 2010 WL 4553675, at *7 (S.D. Fla.) (denying summary judgment on the defense of good faith reliance on the advice of counsel, finding a declaration "that simply states that Paradise Awnings received legal advice about whether it was properly paying the [p]laintiffs, and that the advice was that the [p]laintiffs were exempt from the FLSA," insufficient) (alterations added)).

To satisfy the good faith requirement, an employer must show that it acted with both subjective and objective good faith, *Wacjman v. Investment Corp. of Palm Beach*, 620 F.Supp.3d 1353 (S.D. Fla. 2009) (citing *Rodriguez v. Farm Graocery Stores, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008)), and "upon such reasonable grounds that it would be unfair to impose upon [it] more than a compensatory verdict." *Bozeman v. Port–O–Tech Corp.,* 2008 WL 4371313, *15 (S.D.Fla. Sept. 19, 2008) (*quoting Joiner,* 814 F.2d at 1538). To demonstrate the subjective component, an employer must show that it had "an honest intention to ascertain what the FLSA requires and to act in accordance with those requirements." *Feniger v. Cafe Aroma,* 2007 WL 853735, *3 (M.D. Fla. March 16, 2007) (*citing Dybach v. State of Fla. Dep't of Corr.,* 942 F.2d 1562, 1566 (11th Cir. 1991)). Proving the objective component of the good faith defense requires the employer to demonstrate that it had a reasonable belief that its conduct conformed with the FLSA. *See Chao v. Tyson Foods, Inc.,* 568 F.Supp.2d 1300, 1322 (N.D. Ala. 2008). If the employer can demonstrate that it had both a subjective belief that it was compliant with the FLSA and that it also had an objectively reasonable basis for its belief, then the Court may apply the safe harbor provision and limit or deny an award of liquidated damages. *See Stevenson v. Orlando's Auto Specialists, Inc.,* 2008 WL 4371830, *4 (M.D. Fla.). "Absent a showing of both the subjective and objective elements of the good faith defense, liquidated damages are mandatory." *Dybach v. State of Fla. Dept. of Corrections,* 942 F.2d 1562, 1566–67 (11th Cir. 1991) (citation omitted).

"The employer bears the burden of establishing both the subjective and objective components of that good faith defense against liquidated damages." *Alvarez Perez,* 515 F.3d at 1163 (citations omitted). "Subjective good faith means the employer has an honest intention to ascertain what the FLSA requires and to act in accordance with it." *Friedman v. S. Fla. Psychiatric Assoc., Inc.,* 139 Fed.Appx. 183, 185 (11th Cir. 2005) (citing *Dybach v. State of Fla. Dept. of Corr.,* 942 F.2d 1562, 1566 (11th Cir. 1991)). "Objective good faith means the employer had reasonable grounds for believing its conduct comported with the FLSA." *Id.* at 186 (citing *Dybach,* 942 F.2d at 1566). Courts in this District have held "mere reliance on the advice of counsel is insufficient to satisfy defendants' burden in proving their good faith." *Fuentes v. CAI Int'l, Inc.,* 728 F.Supp.2d 1347, 1358 (S.D. Fla. 2010) (alteration added; citation omitted) (denying summary judgment on defendants' defense of good faith reliance on advice of counsel where defendants failed "to identify record evidence to establish what they disclosed to their attorney in seeking and obtaining his advice and whether that legal advice was reasonable"); *see also Rakip v. Paradise Awnings Corp.,* 2010 WL 4553675, at \*7 (S.D. Fla.) (denying summary judgment on the defense of good faith reliance on the advice of counsel, finding a declaration "that simply states that Paradise Awnings received legal advice about whether it was properly paying the [p]laintiffs, and that the advice was that the [p]laintiffs were exempt from the FLSA," insufficient) (alterations added)).

"[T]o reap the benefit of the good faith defense of [29 U.S.C. §] 260 based on the advice of counsel the defendant must honestly and truly seek the advice of counsel, counsel must give advice that is reasonable in a legal sense, and the defendant must act in strict conformity with that advice." *Fuentes,* 728 F.Supp.2d at 1358 (alterations added; citation omitted); *see also Dybach,* 942 F.2d at 1567 (assuming, *arguendo,* defendant satisfied the

subjective component of good faith, "the employer still must shoulder the additional requirement of showing that the employer had reasonable grounds for believing that its conduct comported with the [FLSA]." (alterations added; internal quotation marks and citation omitted)). All of these requirements and record evidence supporting them is completely lacking in the summary judgment record as to this affirmative defense, which is why summary judgment should be granted on it.

**D.      The Executive and Administrative Exemptions Are Without Merit.**

Initially, the Court should note that Forsythe has made clear that summary judgment should be granted on the affirmative defense exemptions, because the Defendants did not preserve them, as they are neither asserted as affirmative defenses nor even mentioned in the Defendants' Answer—Forsythe made this clear in the summary judgment filings. [D.E. 42]. A few days before the summary judgment deadline (late January 2024) defense counsel informed Forsythe that Defendants were considering taking the position that Forsythe was an exempt employee. This was the first time in the litigation that Defendants took this position, so Forsythe moved for summary judgment on it. Forsythe then supplemented his Motion for Summary Judgment [D.E. 42] with the fact that the moving for summary judgment on the exemptions would lead to the Court issuing an advisory opinion, because both the executive exemption and the administrative exemption are affirmative defenses that need to be raised in the Answer, or they are waived. [D.E. 42] (requesting that instead of ruling on the merits on the exemptions because they were not pled "summary judgment should be granted on the ground they [the exemptions] were not preserved in the Answer."). Another issue driving the filing of the Supplement was that despite the passage of time, the Defendants had not moved to amend their answer to add such affirmative defenses, and thus the issue of whether the exemptions applied was merely hypothetical.

Despite this clear notice in the Supplement, Defendants blow right by it in their instant Response, and do not even address it, make no attempt to amend their Answer, and spend more than 90% of the Response addressing exemptions that are not preserved as issues in the case. The courts hold that issuing advisory opinions on issues that are hypothetical is improper (which is one of the reasons why Forsythe filed the Supplement). This is so "[b]ecause a federal court may not issue advisory opinions and must not waste resources by reviewing potential or abstract disputes, a federal court cannot take up a party's claim unless that claim is ripe for review." *Sherrer v. Miami-Dade County*, 2015 WL 4396784, at *1 (S.D. Fla. July 17, 2015) (quoting *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1335, 1338 (11th Cir. 2005) (citations, emphasis, and marks omitted)). *See also Campbell-Ewald Co. v. Gomez*, —— U.S. ——, 136 S. Ct. 663, 679 (2016) (parties must always maintain a "personal stake in the outcome of the lawsuit" that is a "concrete interest in the outcome of the litigation" or the case is moot and a court "that decides the merits of such a case runs afoul of the prohibition on advisory opinions."). In light of this clear precedent, Forsythe is not going to reply to the arguments made by the Defendants on the exemptions on their merits because they are hypothetical only, unless and until directed by the Court. Forsythe does note that nowhere do the Defendants point out where Forsythe ever hired or fired anyone and thus the executive exemption does not apply, and nowhere is there a description given concerning how Forsythe was exercising his independent judgment and exercising discretion on any matters of significance.

The Supplement, and we set it forth here again, shows clearly that exemptions are affirmative defenses which are waived if not included in the Answer and designated as affirmative defenses:

> Each of those exemptions are affirmative defenses. *Rotondo v. Georgetown,* 869 F.Supp. 369, 373 (D. S.C. 1994) (explaining that "the assertion of an exemption from the mandates of the FLSA is an affirmative defense that is waived if it is not specifically pleaded by a defendant"

(citing *Renfro v. City of Emporia,* 741 F.Supp. 887, 888 (D.Kan. 1990), *aff'd,* 948 F.2d 1529, 1539 (10th Cir. 1991))). Under Rule 8(c) of the Federal Rules of Civil Procedure, a claim of exemption is an affirmative defense that must be specifically pled or it will be deemed waived. *See Morrison v. Exec. Aircraft Refinishing, Inc.,* 434 F.Supp.2d 1314, 1318–19 (S.D. Fla. 2005). "The general purpose of [Fed.R.Civ.P.] 8(c) is to provide particularized and specific notice of certain defenses." *Renfro v. City of Emporia,* 948 F.2d 1529, 1539 (10th Cir. 1991) (citing *State Distrib. Inc. v. Glenmore Distilleries,* 738 F.2d 405 (10th Cir. 1984)).

[D.E. 42 at 1]. These exemptions are both affirmative defenses and thus Defendants have the burden of establishing the exemptions on summary judgment; here, that they pled them and preserved them in the case. *Roca v. Alphatech Aviation Serv. Inc.,* 961 F.Supp.2d 1234, 1238 (S.D. Fla. 2013); *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1438 (11th Cir. 1991) (noting that when the moving party has the burden of proof at trial, it also has the burden of proof for summary judgment purposes); *Klem v. Cnty. of Santa Clara,* 208 F.3d 1085, 1095 (9th Cir.2000) (explaining that in a summary judgment motion, "the burden is on [the employer] to demonstrate its entitlement to an exemption from the overtime provisions of the FLSA.").

Here, the Defendants have failed to meet that burden. Defendants have not moved to amend the answer, and the time to do so has run long ago—1 year and 7 months ago to be exact (19 months). [D.E. 26]. Obviously, Forsythe would object to any such motion if it were filed, because he would be prejudiced because he has been denied discovery on the affirmative defenses and the case is at the eve of trial. Under such circumstances, the Eleventh Circuit has previously held that a court abused its discretion in granting leave to add exemption defenses after 14 months passed since the time allowing for pleadings to be amended. *Diaz v. Jaguar Rest. Grp., LLC*, 627 F.3d 1212, 1215 (11th Cir. 2010) (holding a district court abused its discretion in allowing the defendant to amend its answer to include an FLSA exemption defense, where 14 months had passed since the filing of the answer and the plaintiff objected to the amendment); *Sejour v. Steven Davis Farms*, *LLC*, 28 F. Supp. 3d 1216, 1224 (N.D. Fla.

2014) ("Defendants are not entitled to claim an exemption because they failed to specifically plead their exemption in their answer. Since Plaintiffs were not given timely notice of Defendants' intention to assert this exemption, to allow Defendants' argument would be unjust and would defy the purpose of the FLSA."). Presumably, the *Diaz* case is why the Defendants have not moved to amend their Answer. In fact, Defendants allowing a little over 2 months to pass between first raising the issue of the exemptions informally with counsel and today, and they still have not moved to amend the pleadings to assert these defenses clearly shows delay and the delay is intentional in nature.

By the way, in the *Shirley* case, the executive exemption was never even pled, although the administrative exemption was pled, which suggests that the Defendants are aware that these defenses could potentially be raised, but intentionally chose not to raise them in this case. (*See Answer and Affirmative Defenses in Shirley v. Starboard Yacht Group, LLC, et al.*, Case No. 20-60792 (S.D. Fla.) (tenth affirmative defense).

## CONCLUSION

For the foregoing reasons, Forsythe respectfully requests that the Court grant partial summary judgment in his favor on all issues raised in his motion.

Respectfully submitted,

By:   s/ *Chris Kleppin*
   Chris Kleppin
   Florida Bar No. 625485
   chris@kleppinlaw.com
   The Kleppin Firm, P.A.
   Attorneys for Plaintiff
   8751 W. Broward Blvd
   Suite 105
   Plantation, FL 33324
   Tel.  (954) 424-1933
   Fax  (954) 474-7405
Secondary E-mails:   kel@kleppinlaw.com

9

assistant@kleppinlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on March 25, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record (Marc Rapaport, Esq.) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

By:  _s/ Chris Kleppin_
       Chris Kleppin
       Florida Bar No. 625485

10