UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-60792-RS

OMAR SHIRLEY,

     Plaintiff,

vs.

STARBOARD YACHT GROUP, L.L.C.,
a Florida limited liability company, and
JAKE STRATMANN, an individual,

     Defendants.

_____/

## DEFENDANTS' AMENDED ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES

Defendants, STARBOARD YACHT GROUP, L.L.C. and JAKE STRATMANN, through their counsel and pursuant to Federal Rule of Civil Procedure 15(a), file their Amended Answer, Defenses and Affirmative Defenses.

### JURISDICTION AND VENUE

1. In response to the allegations contained in paragraph 1 of the Complaint, the cited statutory provisions speak for themselves. Plaintiff is not entitled to any relief.

2. In response to the allegations contained in paragraph 2, and all sub-parts, of the Complaint, the cited statutory provisions speak for themselves. Plaintiff is not entitled to any relief.

3. In response to the allegations contained in paragraph 3, and all sub-parts, of the Complaint, Defendants admit the allegations.

Case 0:20-cv-60792-WPD Document 26 Entered on FLSD Docket 06/03/2020 Page 2 of 8

## CONDITIONS PRECEDENT/ADMINISTRATIVE EXHAUSTION

4.     In response to the allegations contained in paragraph 4 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or veracity of the allegations and therefore deny same.

## PARTIES

5.     In response to the allegations contained in paragraph 5 of the Complaint, Defendants are without sufficient knowledge to form a belief as to the truth or veracity of the allegations and therefore deny same.

6.     In response to the allegations contained in paragraph 6 of the Complaint, Defendants admit that it conducts business in the State of Florida, that it is subject to the laws of the State of Florida and the United States, and that Plaintiff worked for the corporate Defendant. Defendants deny the remaining allegations.

7.     In response to the allegations contained in paragraph 7 of the Complaint, Defendants deny the allegations.

8.     In response to the allegations contained in paragraph 8 of the Complaint, Defendants deny the allegations.

9.     In response to the allegations contained in paragraph 9 of the Complaint, Defendants deny the allegations.

10.     In response to the allegations contained in paragraph 10 of the Complaint, Defendants deny the allegations.

11.     In response to the allegations contained in paragraph 11 of the Complaint, Defendants deny the allegations.

Case 0:20-cv-60792-WPD Document 26 Entered on FLSD Docket 06/03/2020 Page 3 of 8

12. In response to the allegations contained in paragraph 12 of the Complaint, Defendants deny the allegations.

13. In response to the allegations contained in paragraph 13 of the Complaint, Defendants deny the allegations.

14. In response to the allegations contained in paragraph 14 of the Complaint, Defendants deny the allegations.

## STATEMENT OF FACTS

15. In response to the allegations contained in paragraph 15 of the Complaint, Defendants admit that Plaintiff worked for the corporate Defendant. Defendants deny the remaining allegations.

16. In response to the allegations contained in paragraph 16 of the Complaint, Defendants deny the allegations.

17. In response to the allegations contained in paragraph 17 of the Complaint, Defendants deny the allegations.

18. In response to the allegations contained in paragraph 18 of the Complaint, Defendants deny the allegations.

19. In response to the allegations contained in paragraph 19 of the Complaint, Defendants deny the allegations.

20. In response to the allegations contained in paragraph 20 of the Complaint, Defendants deny the allegations.

21. In response to the allegations contained in paragraph 21 of the Complaint, Defendants deny the allegations.

Case 0:20-cv-60792-WPD Document 26 Entered on FLSD Docket 06/03/2020 Page 4 of 8

22. In response to the allegations contained in paragraph 22 of the Complaint, Defendants deny the allegations.

23. In response to the allegations contained in paragraph 23 of the Complaint, Defendants deny the allegations.

24. In response to the allegations contained in paragraph 24 of the Complaint, Defendants deny the allegations.

25. In response to the allegations contained in paragraph 25 of the Complaint, Defendants admit that Plaintiff logged into a computer. Defendants are without sufficient knowledge to form a belief as to the truth or veracity of the remaining allegations and therefore deny same.

26. In response to the allegations contained in paragraph 26 of the Complaint, Defendants admit that Plaintiff has retained counsel. Defendants are without sufficient knowledge to form a belief as to the truth or veracity of the remaining allegations and therefore deny same.

27. In response to the allegations contained in paragraph 27 of the Complaint, Defendants deny the allegations.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

28. Defendants incorporate, as if fully set forth herein, paragraphs 1-27 above.

29. In response to the allegations contained in paragraph 29 of the Complaint, Defendants deny the allegations.

30. In response to the allegations contained in paragraph 30 of the Complaint, Defendants deny the allegations.

4

Case 0:20-cv-60792-WPD Document 26 Entered on FLSD Docket 06/03/2020 Page 5 of 8

31. In response to the allegations contained in paragraph 31 of the Complaint, Defendants deny the allegations.

In response to the WHERFORE clause immediately following paragraph 31, Defendants deny that Plaintiff is entitled to any of the requested relief.

## DEMAND FOR JURY TRIAL

Defendants deny that Plaintiff is entitled to a trial by jury.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Withdrawn.

### Second Affirmative Defense

Defendants had a reasonable, good-faith belief that they were not violating the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 ("the FLSA") and, therefore, cannot be liable for liquidated damages. Any violations of the FLSA were unintentional, and, therefore, liquidated damages are not recoverable. At no time did Defendants willfully violate the requirements under the FLSA.

### Third Affirmative Defense

Withdrawn.

### Fourth Affirmative Defense

Withdrawn.

### Fifth Affirmative Defense

Plaintiff's claims are, in whole or in part, time-barred and/or barred by the applicable statute(s) of limitations, and Plaintiff's claims for liquidated damages are barred because Defendants acted in good faith. Additionally, Plaintiff's claims are barred by the applicable statute of limitations for pursuing any claims against Defendants under the FLSA for all time periods more than two (2) years before the date of filing the lawsuit. If it is determined that a

Case 0:20-cv-60792-WPD Document 26 Entered on FLSD Docket 06/03/2020 Page 6 of 8

willful violation occurred (which is denied by Defendants), Plaintiff's claims are barred by the applicable statute of limitations for pursuing any claims against Defendants under the FLSA for all time periods more than three (3) years before the date of filing the lawsuit

## Sixth Affirmative Defense

To the extent Plaintiff is entitled to overtime and was not paid, such overtime worked by Plaintiff is not recoverable as it was *de minimis*, and never reported to Defendants. *See Adams v. Jumpstart Wireless, Corp.*, 294 F.R.D. 668, 672 (S.D. Fla. 2013).

## Seventh Affirmative Defense

Withdrawn.

## Eighth Affirmative Defense

For purposes of determining whether Plaintiff worked in excess of 40 hours in any given workweek, Defendants are entitled to deduct from Plaintiff's total hours worked each workweek all break periods taken by Plaintiff, to the extent Plaintiff did not work during those break periods. Further, Defendants are entitled to a setoff for monies paid to Plaintiff for time in which she did not perform work for Defendants.

## Ninth Affirmative Defense

Withdrawn.

## Tenth Affirmative Defense

Plaintiff was an exempt employee. Specifically, Plaintiff was covered under the Administrative Exemption. Fifty percent of Plaintiff's work was office or non-manual labor and Plaintiff had discretion and independent judgment on matters of significance. Plaintiff had management/supervisory responsibilities of employees. Specifically, Plaintiff worked as the Parts Manager, Shop Manager and Service Coordinator. As the Service Coordinator, Plaintiff

Case 0:20-cv-60792-WPD Document 26 Entered on FLSD Docket 06/03/2020 Page 7 of 8

was responsible for coordinating the work of the other managers. Plaintiff had input into hiring and firing decisions. Plaintiff interviewed candidates for employment, participated in terminations, conducted employee reviews and issued employee disciplines.

**WHEREFORE**, Defendants request that this Court:

1.  dismiss the claims against them;

2.  award them taxable costs and attorneys' fees pursuant to 29 U.S.C § 216(b) and any other applicable rule or statute; and

3.  award them any and all further relief that is just and equitable. Plaintiff has failed, in whole or in part, to state a claim against Defendants for which relief may be granted.

4.  Defendants reserve the right to assert additional affirmative defenses that may be discovered during the defense of this matter

Fort Lauderdale, Florida
Dated: June 3, 2020,

Respectfully submitted,

By: /s/*Michael L. Elkins*
      Michael L. Elkins
      Florida Bar No. 523781
      melkins@mlelawfirm.com
      **MLE LAW**
      633 S. Andrews Ave.
      Suite 500
      Fort Lauderdale, FL 33301
      Telephone: (954) 401-2608
      *Co-Counsel for Defendants*

By: /s/*Matthew Valcourt*
Matthew Valcourt
Florida Bar No. 88791
mvalcourt@valcourtlaw.com
**VALCOURT & ASSOCIATES, LLC**
850 NE 3rd Street
Suite 208
Dania, FL 333004
Telephone: (305) 763-2891
*Co-Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 3, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ *Michael L. Elkins*
Michael L. Elkins

## SERVICE LIST

CASE NO.: 0:20-cv-60792-RS

Chris Kleppin, Esq.
ckleppin@gkemploymentlaw.com
**THE KLEPPIN FIRM, P.A.**
8751 W. Broward Blvd., Suite 105
Plantation, FL 33324
*Counsel for Plaintiff*

8