UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22-cv-60854-AHS

PAUL FORSYTHE,

    Plaintiff,

v.

STARBOARD YACHT GROUP, LLC
and JAKE STRATMANN

    Defendants.

_____/

### DEFENDANTS' MOTION TO EXTEND PRE-TRIAL DEADLINES AND CONTINUE TRIAL

Defendants, STARBOARD YACHT GROUP, LLC and JAKE STRATMANN, by and through the undersigned counsel, hereby files this Motion to Extend Pre-Trial Deadlines and Continue Trial and states as follows:

1. On May 4, 2022, Plaintiff filed its Complaint against Defendants, alleging violation of the Fair Labor Standards Act and seeking recovery of overtime compensation.

2. Pursuant to this Court's Amended Scheduling Order dated February 20, 2024 (ECF 45), the deadline to file all pre-trial motions, motions in limine, and Daubert motions (which include motions to strike experts) was March 6, 2024.

3. Furthermore, the two-week trial calendar is currently scheduled for May 6, 2024, with Calendar Call on May 1, 2024.

4. The original Order Setting Trial and Pre-Trial Schedule was issued on June 2, 2023 (ECF 25) and had a discovery cutoff of January 8, 2024. This deadline was not modified in the Court's Amended Scheduling Order.

CADOGAN LAW | 300 S. PINE ISLAND ROAD, SUITE 107 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

5.      The undersigned attorney for Defendants, Gina Marie Cadogan, Esq., entered her appearance only on March 15, 2024 (ECF 47) after this Court entered an Order allowing Defendants' prior counsel to withdraw from this case on January 31, 2024 (ECF 40).

6.      Defendants' prior counsel did not conduct any discovery in this matter, nor filed a Motion for Summary Judgment, and otherwise failed to properly defend this matter.

7.      The undersigned, upon officially being retained in this matter by Defendants, has acted diligently in attempting to move this case forward quickly, having filed its Response to Plaintiff's Motion for Summary Judgment in short order.

8.      Defendants now seek an extension of the pretrial deadlines and continue trial in order to properly file the appropriate dispositive motions and conduct further discovery.

9.      Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the parties seeking the extension. *Alan L. Frank L. Assocs., P.C. v. OOO RM Inv.,* No. 16-22484-CIV, 2017 WL 9732057, at *1 (S.D. Fla. Jan. 12, 2017). See also, *Roberson v. BancorpSouth Bank, Inc.*, No. 12-0669-WS-N, 2013 WL 4870839, at *2 (S.D. Ala. Sept. 12, 2013) ("Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry.").

10.     Additionally, once a deadline has passed, the Court may extend a deadline upon a motion by a party and a showing of excusable neglect. See FED. R.

CIV. P. 6(b)(1)(B). A determination of excusable neglect is an equitable one. See *United States v. Marder*, No. 1:13-cv-24503, 2016 WL 2897407, at *8 (S.D. Fla. May 18, 2016). When evaluating whether a party has shown excusable neglect, courts consider: (1) prejudice to the non-movant; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Alan L. Frank L. Assocs., P.C. v. OOO RM Inv.*, No. 16-22484-CIV, 2017 WL 9732057, at *1 (S.D. Fla. Jan. 12, 2017).

11. The *Alan L. Frank L. Assocs., P.C* Court found that the failure to meet the deadlines was not the result of the Settling Parties' neglect. *Id.* "Good cause exists when the deadline could not 'be met despite the diligence of the party seeking the extension. *Waters v. Celebrity Cruises, Inc.,* No. 22-CV-22913, 2024 WL 326611, at *1 (S.D. Fla. Jan. 29, 2024).

12. Here, Defendants can similarly demonstrate that its request to extend the pretrial deadlines and trial date is made in good faith and is not a result of neglect on the part of the undersigned.

13. As of the date of this Motion, it has been less than one (1) month since the undersigned was retained and it acted promptly and diligently in requesting this extension so it may properly defend this case, conduct the necessary discovery, and file the appropriate motions in furtherance thereof.

14. This brief extension request is necessary in light of the lack of substantive diligence on the part of prior defense counsel.

15. Defendants respectfully request that the current pre-trial deadlines be extended by four months and the trial date be similarly pushed back until after August 12, 2024.

16. The extension sought herein is not interposed for the purposes of delay, and, if granted, will not prejudice any party.

WHEREFORE, Defendants, STARBOARD YACHT GROUP, LLC and JAKE STRATMANN, respectfully request that the Court grant this Motion briefly extending the pre-trial deadlines and continue trial, and grant any other relief the Court deems just and proper.

### CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1 (a)(3)

Pursuant to S.D. Fla. L.R. 7.1(a)(3), the undersigned counsel has conferred with Plaintiff's counsel by a series of emails, wherein the undersigned explained the reasons for the need for the requested enlargements of time. Plaintiff's counsel has indicated he viewed the request as a "do over" but needed to check with his client. The undersigned has requested an update on the Plaintiff's position, but has not yet received any indication whether the Plaintiff opposes the requested relief.

Dated: April 11, 2024

Respectfully submitted,

By:   /s/ Gina M. Cadogan
GINA MARIE CADOGAN
Fla. Bar. 177350
ABHISHEK V. RAMASWAMI
Fla. Bar. 1031719
CADOGAN LAW
300 S. Pine Island Road, Suite 107
Plantation, Florida 33324
Telephone: 954.606.5891
Facsimile: 877.464.7316
Email: gina@cadoganlaw.com
Email: ab@cadoganlaw.com

Email: tyler@cadoganlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of April 2024 that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing

By: */s/ Gina M. Cadogan*
GINA MARIE CADOGAN, Esq.
Fla Bar No: 177350

## SERVICE LIST
*Paul Forsythe v. Starboard Yacht Group, LLC and Jake Stratmann*
Case No. 0:22-cv-60854-AHS

Chris Kleppin, Esq.
The Kleppin Firm, P.A.
8751 W. Broward Blvd.
Suite 105
Plantation, FL 33324
chris@kleppinlaw.com
kel@kleppinlaw.com
assistant@kleppinlaw.com
*[CM/ECF]*