UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-60854-CIV-AHS

PAUL FORSYTHE,

      Plaintiff,

v.

STARBOARD YACHT GROUP, LLC, and
JAKE STRATMANN,

      Defendants.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR EXTENSION OF
PRETRIAL DEADLINES AND TO CONTINUE THE TRIAL**

Plaintiff, Paul Forsythe ("Forsythe"), through his undersigned attorneys, files this Response to Defendants' Motion for Extension of Pretrial Deadlines and to Continue Trial, and states as follows:

**<u>BACKGROUND</u>**

This is a wage and hour case filed 2 years ago involving overtime brought pursuant to the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.* ("FLSA"). The allegations of the Complaint arise out of Forsythe's former employment with the Defendant, a marine industry company. The individual who had the position before Mr. Forsythe obtained a final judgment in his behalf against the Defendants in a FLSA case. *Shirley v. Starboard Yacht Group, LLC*, Case No. 20-60792-CIV-DIMITROULEAS.

The Defendants have been competently represented by Cole, Scott, Kissane a well-known firm that defends FLSA actions. For whatever reason, that firm withdrew, and the Court gave the Defendants considerable time to retain new counsel and extended the time for that new counsel to respond to the pending motion for summary judgment, which the Defendants retained

(Matthew Valcourt—their corporate lawyer who defended past overtime claims against the Defendants in *Shirley* and in *Haney v. Starboard Yacht Group, LLC*, Case No. 20-60791-CIV-DIMITROULEAS and who appeared as long ago as February 20, 2024.

The Defendants desire a continuance and essentially assert one argument:  1) they have "new" counsel and their former counsel failed to properly defend the case and now the Defendants have a change of heart and instead of attempting to resolve the case want a whole do-over of the case requesting that discovery be reopened, the dispositive deadlines by revived (the already significantly extended period for filing such motions expired 5 weeks ago), and to continue trial (the trial is set for May 2024—about 3 weeks from now).  While the Defendants do not state it, they apparently also want to file an amended answer because they state in their response to Plaintiff's Motion for Summary Judgment that Plaintiff is an exempt employee (both administratively and executively), but exemptions are affirmative defenses and no exemption defenses were ever asserted by the Defendants in their Answer.  These arguments are patently without merit, and will be discussed below.

Initially, however, the Motion should be denied for procedural reasons, because it is in violation of Local Rule 7.6, which requires an affidavit be filed in support of a motion for continuance by the attorney trying the case, and because of failure to meaningfully confer.

Further, concerning the Defendants' substantive arguments, the Defendants had every opportunity (literally for 2 years) to engage in whatever discovery they wanted with respect to the Plaintiff's claims and any defenses (which are straightforward overtime claims of which the Defendants are certainly aware).  Yet, the Defendants chose to engage in little discovery concerning them, which was at their peril.  This strategy should not warrant a continuance at this point.  Defendants had 2 years to engage in discovery, but they decided not to.  Further, the

Defendants complain about not filing a motion for summary judgment, they have not even preserved the defenses they desire to move for summary judgment on (the administrative and exemption defenses) see Supplement to Motion for Summary Judgment [D.E. 42] and Reply to Motion for Summary Judgment [D.E. 50], but Defendants have not filed any motion seeking to amend their Answer, and thus the defenses are not properly subject to discovery or a dispositive motion.  We presume the Defendants desire to assert these defenses, but because conferral was deficient frankly we are not sure.  In conferral, Defendants did not explain precisely what they wanted to do, just that they wanted to engage in discovery, file a dispositive, and continue the trial.  Certainly, this inaction should not be awarded with a continuance.

## <u>MEMORANDUM OF LAW</u>

**I.  THE MOTION FOR CONTINUANCE SHOULD BE DENIED FOR PROCEDURAL REASONS**

**A.  <u>The Failure of Defendant to Have Submitted an Affidavit</u>**

Local Rule 7.6 specifically requires that any motion for continuance "be supported by affidavit", S.D. Fla. L.R. 7.6, but the Defendants' instant Motion for Continuance is not supported by the required affidavit.  In any event, the violation of the Local Rules should require that the Defendants' Motion be denied, just as violations of the Local Rules in general require denial of relief sought.  *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (denying motion for protective order for violating the conferral requirement contained in Local Rule 7.1.A.3); *Dyett v. North Broward Hosp. Dist.*, 2004 WL 5320628, *1 (S.D. Fla. 2004) (denying motion for attorneys fees because of failure to follow Local Rule 7.3).

**B.  <u>The Failure of Defendant to Have Engaged in Meaningful Conferral</u>**

Local Rule 7.1.A.3, requires that there be conferral before the filing of any motion.  S.D. Fla. L.R. 7.1.A.3.  The Court should note that the Defendants filed the Motion for Continuance

before there was meaningful, appropriate conferral.  While the Defendants did send an e-mail to undersigned counsel regarding conferral (in the afternoon on Wednesday, April 10, 2024, undersigned counsel promptly responded and wanted clarification which he did not received and explained he had to ask his client, but Defendants rushed to file the motion on Friday, while he had a deposition that was just starting and had not heard back yet from his client), but there was never any meaningful conferral, because the parties never spoke or communicated other than the one e-mail sent by Defendants' counsel, which was responded to with a terse email, which was responded with the client needed to be contacted for his position, which resulted in the motion being filed.  The Local Rule requires actual conferral or a reasonable attempt, S.D. Fla. L.R. 7.1.A.3., and courts have found (with similar Local Rules) that a couple of e-mails with no actual communication back and forth from the parties does not constitute a reasonable attempt at conferral.  *Hoelzel v. First Select Corp.*, 214 F.R.D. 634 (D. Colo. 2003).  The Defendants' violation of the Local Rules is enough to warrant the denial of his Motion.  *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008); *Dyett v. North Broward Hosp. Dist.*, 2004 WL 5320628, *1 (S.D. Fla. 2004).

Because the Defendants did not adequately confer before the filing of his Motion, it should be denied.  Local Rule 7.1.A.3 requires actual conferral or a reasonable attempt at conferral.  No actual conferral occurred.  As stated above, it was undersigned counsel who next sought to confer, but by that time, the Defendants had filed the Motion.  The District of Colorado has a similar local rule regarding conferral to the rule in the Southern District of Florida.  *Id.* at 635.  The *Hoelzel* court noted that actual effective communication is required before there a motion to compel is filed, which typically requires that the parties actually speak and engage in negotiations.  *Id.*  The court noted as follows:

Rule 7.1.A serves a particularly important function in connection with discovery disputes because the parties, through negotiations, frequently are able to narrow the discovery requests in a way which eliminates the need for judicial intervention. . . .  Without meaningful negotiations by the parties, the courts would be flooded with discovery motions.

*Id.*  The court further noted that "the [conferral] requirement is not satisfied by a party making a demand for compliance."  *Id.*  The court further noted that "[t] confer means "'to hold a conference; compare views; consult together.'"  *Id.* (quoting *The American Heritage Dictionary of the English Language* 278-79 (9th ed. 1971)).  The court held that "[t]he rule is not satisfied by one party sending a single e-mail to another party", and noted that at least one other court was in agreement with that holding.  *Id.*  (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996).  Further, the court noted that one court found that there was not meaningful conferral because even though there were four telephone calls and two letters, the court found that the quality of the conferral was not meaningful.  *Id.* (citing *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456 (D. Kan. 1999)).  In this case, Plaintiff requests that the Court find that simply sending a couple of e-mails to be inadequate conferral, and to deny the Defendants' Motion on that basis.

The conferral is also in violation of the Local Rule in that if it is not completed (like here) the moving party is supposed to document when (the times involved) the emails were sent.  Here, there was a race to file the motion before conferral was remotely meaningful.  We still do not know whether the Defendants want to go outside their current Answer and Affirmative Defenses, though their response to the Plaintiff's Motion for Summary Judgment suggests that they do.  The reason for the uncertainty is the Defendants' failure to fully confer (and the timeline of the conferral emails shows that undersigned promptly responded to opposing counsel's emails on the subject) and was attempting to ascertain the scope of the relief.

## II.   THE LEGAL STANDARD FOR GRANTING A MOTION FOR CONTINUANCE

The Defendants' Motion for Continuance fails to state the applicable legal standard that the Court is to utilize in deciding its Motion.  Local Rule 7.6 applies, and states in pertinent part, as follows:

> A continuance of any trial, pretrial conference, or other hearing *will be granted only on exceptional circumstances*. . . .  However, *upon written notice served and filed at the earliest practical date prior to trial*, pretrial conference, or other hearing, and supported by affidavit setting forth a full showing of good cause, a continuance *may* be granted by the Court.

(emphasis added).  Therefore, *if* the Defendants show the following three things:  1) exceptional circumstances exist; 2) its Motion was served and filed at the earliest practical date; and 3) good cause exists, the Court *may* grant its Motion.  The Defendants cannot demonstrate *any* of these three requirements, *let alone all three*, and therefore their Motion should be denied.  In fact, the Defendants do not even attempt to explain any of the factors from Rule 7.6.

## III.   THE DEFENDANTS CANNOT SHOW THAT EXCEPTIONAL CIRCUMSTANCES EXIST, THAT THEY SERVED AND FILED THEIR MOTION AT THE EARLIEST PRACTICAL DATE, AND THAT GOOD CAUSE EXISTS FOR THE GRANTING OF THEIR MOTION

### A.   <u>There Are No Exceptional Circumstances</u>

The Defendants claim that their prior attorneys' procrastination/inaction (their failure to engage in unspecified discovery, depose the intervenors, their failure to file a summary judgment motion as to them, etc.) necessitates a continuance.  The Defendants, as noted above, had 2 years to engage in whatever discovery they wanted to, and even to file a summary judgment motion concerning such discovery them (if Defendants desired), but Defendants did nothing for 2 years, and now want a continuance so that they can begin to engage in discovery and file a dispositive motion (no description is given concerning what issue(s) Defendants intend to address in the

dispositive motion). It is well settled that lawyers who procrastinate do so at their own peril. *Spears v. City of Indianapolis*, 74 F.3d 153, 157-58 (7th Cir. 1996) (stating that lawyers should adhere to the proverb, "sooner begun, sooner done"; and that "parties [who] wait until the last minute to comply with a deadline, . . . are playing with fire"); *Vasapolli v. Rostoff*, 39 F.3d 27, 36 (1st Cir. 1994) (stating that "[u]nlike the Emperor Nero, litigants cannot fiddle as Rome burns. A party who sits in silence [on their rights] . . . does so at his peril"); *Young v. Young*, 91 F.3d 1367, 1377 (10th Cir. 1996) (upholding the striking on an untimely reply brief); *Willis v. Estrada*, 1995 WL 398873, *4 (N.D. Ill. 1995) (holding same).

In order to encourage pretrial management, Federal Rule of Civil Procedure 16(b) requires that a pretrial scheduling order be issued establishing timetables by which the case should proceed. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). The scheduling order "control[s] the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e). As noted by one court, the scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985). In this particular case, the Scheduling Order deadlines lapsed months ago, and the Court has now issued a trial date, which is about 3 weeks from now. The Court's trial date is the new Scheduling Order. That Order can only be set aside upon a finding of good cause if it is challenged timely or through excusable neglect if the deadlines have run (like here). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Defendants completely fail to set forth excusable neglect for reopening the case and or good cause for continuing the trial. They waited, and now, in hindsight, they wished they

would have engaged in discovery and filed certain motions.  That is not good cause, but rather the epitome of carelessness, which is anathema to good cause.[1]

The excusable neglect standard not only requires a showing of negligence which the Defendants fail to do but also a showing that a single deadline was missed because of an omission which was understandable in hindsight.  *Peralta v. Peralta Food Corp.*, 506 F. Supp.2d 1274 (S.D. Fla. 2007).   The Peralta court made clear the situation in the instant case (repeated failures to comply with numerous deadlines, including the deadline to amend pleadings and assert certain defenses) does not constitute excusable neglect, as follows:

> 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848, 850 (11th Cir. 1996). Furthermore, "whether a party's neglect of a deadline may be excused is an equitable decision turning on 'all relevant circumstances surrounding the party's omission.' " *Id.*

> Under this totality of circumstances standard, it cannot be said that Defendants' counsel's repeated noncompliance with this Court's orders constituted "excusable neglect" so as to entitle Defendants to relief under Rule 60(b). This is not an instance where counsel simply missed a single deadline on one occasion, due to circumstances that make the omission seem understandable in hindsight, such as where defendants' failure to act was due to confusion caused by an ambiguous notice of by a misunderstanding between co-counsel as to who was to be responsible for performing a particular task. Rather, this is a case where defense counsel, though having notice of the orders to which he was supposed to respond, simply disregarded the case for an extended period of time, resulting in multiple failures.

---

[1] This good cause standard for modifying pretrial scheduling orders requires that the party seeking the modification has acted with due diligence, but still could not have reasonably met the scheduled deadlines.  *Sosa*, 133 F.3d at 1418 (citing *Advisory Committee Notes*, Fed. R. Civ. P. 16 (stating that the "good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension")).  Carelessness is not compatible with a finding of due diligence, and offers no reason for grant of relief.  *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D. S.C. 1997).

*Peralta v. Peralta Food Corp.*, 506 F. Supp.2d 1274 (S.D. Fla. 2007).   Another case that

exemplifies the Defendant's conduct here is *Faudy v. Saint Lucie County Sheriff's Office*, 677

Fed. Appx. 657 (11th Cir. 2017).  There the court noted that

> Excusable neglect is an equitable determination that requires an examination
> into whether the moving party had a good reason for not responding timely and
> whether the opposing party would be prejudiced. *In re Worldwide Web
> Sys. Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003). In *Walter v. Blue Cross &
> Blue Shield United*, this court listed several relevant factors to consider when
> evaluating excusable neglect, such as (1) the danger of prejudice, (2) the length
> of delay and its potential impact on the proceedings, (3) the reason for the
> delay, and (4) whether the movant acted in good faith. 181 F.3d 1198, 1201
> (11th Cir. 1999) (citation omitted). Applying these factors [the plaintiff waited
> weeks to challenge a dismissal entered for failure to prosecute and then sought
> to overturn it], it is clear that the district did not abuse its discretion in denying
> the relief.

*Faudy v. Saint Lucie County Sheriff's Office*, 677 Fed. Appx. 657 (11th Cir. 2017).   The

Defendants do not even bother analyzing these factors, and thus they should be disallowed from

doing so in their reply.  To add affirmative defenses, engage in discovery, and file and fully brief

dispositive motions will cause prejudice and delay on a massive scale to Plaintiff and will result

in essentially an entire do-over of the whole case right when the trial date is here.  The reason for

the delay is because Defendants did not want to pay Cole, Scott & Kissane, but apparently found

less expensive counsel (we take this from what we were told by former counsel).  That is not a

reason warranting further delay and not in good faith, and thus should not warrant a finding of

excusable neglect.  Moreover, change in counsel does not show diligence or good cause.  *Waters

v. United States*, 2023 WL 8452057 (M.D. Fla.) (holding that a party had "utterly failed to

comply with [t]he[i]r discovery obligations under the Rules and the change in counsel is really

no excuse for neglecting the litigation in this way").  Thus, the fact by itself that there is new

counsel should not warrant a finding of excusable neglect.

     **B.**     **The Defendants Did Not Diligently File Their Motion**

The current trial Order [D.E. 45] was issued in February 2024 which was amended from the one issued in June 2023 [D.E. 26], and the trial period is early May 2024. The Defendants, in order to prove diligence, would have had to file this Motion immediately, but yet waited weeks. For example, Cole, Scott, Kissane could have filed it before they withdrew (they actually requested certain accommodations in their Motion to Withdraw which the Court granted), Mr. Valcourt (an experienced trial lawyer) could have sought an extension, yet he did not either, but now about 6 weeks from Mr. Valcourt's appearance, the third sets of attorneys in the case now seek to start the case over from scratch. The Defendants are woefully deficient of proving due diligence, which requires denial of the motion.

##### C.   <u>Good Cause Does Not Exist to Continue the Trial</u>

The Defendants have not shown that good cause exists for a continuance, but rather the circumstances outlined in their Motion show that they sat on their rights, failed to take any action for 2 years, and now that a trial Order has been issued and the trial date is 3 weeks away, the Defendants now want to apparently engage in discovery on waived defenses, file a dispositive motion (presumably on the waived defenses), and continue the trial date and apparently try the waived defenses if their summary judgment motion is denied. The Defendants had literally 2 years to do this. Meanwhile, the Defendants have failed to respond to undersigned counsel's overtures to settle the case.

#### IV.   THE DEFENDANTS HAVE NOT CARRIED THEIR BURDEN TO SHOW THAT PLAINTIFF WOULD NOT BE PREJUDICIED BY A CONTINUANCE

The Defendants do not even address whether the Plaintiff will be prejudiced by the continuance. Thus, by definition, the Defendants have failed to carry that burden. The Plaintiff will be prejudiced by additional delay. The Complaint in this case was filed two (2) years ago,

almost to the day.  The Plaintiff should not have to wait any longer for trial simply because the Defendants chose to do nothing for 2 years.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Defendants' Motion should be denied.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on April 15, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record (Gina Cadogan and Matthew Valcourt) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

The Kleppin Firm, P.A.
Attorneys for Plaintiff
8751 W. Broward Blvd.
Suite 105
Plantation, FL 33324
Tel.  (954) 424-1933
Fax  (954) 474-7405
E-mail:  chris@kleppinlaw.com


By___s/Chris Kleppin_____
    Chris Kleppin
    Fla. Bar No. 625485