UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60854-CIV-SINGHAL

PAUL FORSYTHE,

     Plaintiff,

v.

STARBOARD YACHT GROUP, LLC, and
JAKE STRATMANN,

     Defendants.

_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Plaintiff Paul Forsythe's Motion for Summary Judgment ("Motion"). (DE [36]).  In the motion, Paul Forsythe ("Plaintiff" or "Forsythe") argues that, under the Fair Labor Standards Act ("FLSA"), he is entitled to overtime compensation for the hours he worked in excess of forty hours for each week that he was employed by Defendant Starboard Yacht Group, LLC ("Starboard").  Forsythe also contends he is entitled to liquidated damages because Starboard's failure to compensate him for the overtime hours he worked was willful and that Starboard's CEO, Jake Stratmann ("Stratmann"), is also individually liable.

A few weeks after he filed the Motion for Summary Judgment and before Defendants Starboard and Stratmann (collectively, "Defendants") filed their response, Forsythe filed a Supplement to his Motion for Summary Judgment ("Supplement").  (DE [42]).  In the Supplement, Forsythe clarified that a few days before he filed his Motion for Summary Judgment, Defendants informed Forsythe—for the first time—that they were intending to argue that Forsythe was exempt from the FLSA overtime regulations. Though Forsythe had some, but not much, time to digest this information and incorporate

it into his Motion for Summary Judgment, he also filed the Supplement to explain that the Court should not entertain Defendants' argument that Forsythe was exempt from FLSA coverage because it was not plead in Defendants' Answer.  *See generally* (DE [6]).

Defendants eventually filed their response to Plaintiff's Motion for Summary Judgment, and it primarily focused on two affirmative defenses: that Forsythe was exempt from receiving overtime compensation because based on his job role he was either subject to the (1) administrative exemption or (2) the executive exemption.  (DE [49]).  In other words, Defendants concede that Forsythe was their employee and that he worked overtime in the amount that Forsythe claims.  Instead, they argue that they had no obligation under the FLSA to compensate him at an overtime rate because Forsythe's job responsibilities exempted him from FLSA coverage.  Defendants also argue that they are not required to pay liquidated damages.  Notably, Defendants do not acknowledge or address Forsythe's Supplement and the untimeliness of their two affirmative defenses.

While the Eleventh Circuit does not preclude district courts in this circuit from reviewing and entertaining affirmative defenses asserted for the first time at summary judgment, district courts are also not required to entertain them.  Because the Court finds that Forsythe would be prejudiced if it did, the Court will not consider Defendants' arguments that Forsythe is an exempt employee.  And since, but for the issue of liquidated damages and Jake Stratmann's individual liability, the rest of the issues necessary to find Defendants liable are either conceded or not contested, Plaintiff's Motion for Summary Judgment is granted.  The Court further finds that liquidated damages are appropriate, and that Jake Stratmann is jointly and severally liable for the damages.

## I.       BACKGROUND

The relevant facts for this case are simple and straightforward.  At some point in early 2020, Forsythe was hired by Starboard.  The parties dispute Forsythe's roles and responsibilities, but according to Starboard's Organizational (Org) Chart he worked underneath the CEO, Jake Stratmann, as an Integrator and as Parts Manager.  (DE [48-5]).  As discussed later, however, the type of work he actually performed for Starboard is irrelevant for the purposes of this motion.

While working at Starboard, Forsythe worked approximately 65 hours each week.  (DE [35-1] ¶ 4) (Declaration of Forsythe).  Forsythe, however, was never compensated for the overtime hours that he worked each week.  Forsythe proceeded to bring this suit seeking his unpaid overtime compensation.

## II.      LEGAL STANDARD

Even though the summary judgment standards are well known, it is still helpful to discuss them.  Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a));[1] *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010).  A factual dispute is "genuine" if a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof.  *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014).  And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case."  *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004).

---

[1] The 2010 Amendment to Rule 56(a) substituted the phrase "genuine dispute" for the former "'genuine issue' of any material fact."

The moving party bears the initial burden of showing, by reference to materials in the record, that there is no genuine dispute as to any material fact that should be decided at trial. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party's burden can be discharged either by showing an absence of evidence to support an essential element of the nonmoving party's case or by showing the nonmoving party will be unable to prove their case at trial. *Celotex*, 477 U.S. at 325; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must consider the facts in the light most favorable to the nonmoving party. *See Robinson v. Arrugueta*, 415 F.3d 1252, 1257 (11th Cir. 2005).

## III. DISCUSSION

Forsythe asserts one count against Defendants, seeking overtime compensation for every hour that he worked over forty in a workweek for each week he worked for Starboard. He also seeks to hold Stratmann individually liable for the unpaid overtime compensation, and he also seeks liquidated damages. Each of these arguments will be addressed in turn.

### a. Entitlement to Overtime Compensation

Employees covered by the FLSA must receive overtime pay for each hour worked over forty (40) in a week. 29 U.S.C. 207. For an individual to demonstrate coverage and entitlement to overtime pay, he must show that he was either (1) "engaged in commerce or in the production of goods for commerce," or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce." *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 881 (11th Cir. 2008) (citing 29 U.S.C. § 207(a)(1)). The two types of coverage are typically referred to as individual coverage and as enterprise coverage. *See e.g.*, *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265 (11th

4

Cir. 2006); *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010). Here, Forsythe is claiming enterprise coverage. *See, e.g.*, (DE [36] at 7). To successfully claim enterprise coverage, Forsythe must show that Starboard meets the following two criteria: (1) it has two or more employees engaged in commerce or employees working on goods or materials that have been moved in commerce and (2) it has an "annual gross volume of sales" of "not less than $500,000." 29 U.S.C. § 203(s)(1).

Here, there is no factual dispute in the record as to whether Starboard has two or more employees engaged in commerce and whether it has annual gross volume of sales not less than $500,000. In the Declaration of Paul Forsythe attached to Forsythe's Statement of Undisputed Facts, he states that Starboard has exceeded $500,000 in gross sales from 2019 to 2023 and has two or more employees who work with goods that have moved in commerce. *See* (DE [35-1] ¶ 2).

Defendants do not dispute this factual record. Instead, Defendants argue that Forsythe failed to carry his burden that there are no material facts in dispute on the issue of Starboard being an enterprise. *See* (DE [49] at 4). Specifically, they focus on Forsythe's contention that Defendants "seem" to have admitted Starboard was an enterprise when the summary judgment standard requires showing that there are "no material facts in dispute." (DE [49] at 4). That may be true, but Forsythe's "seems to admit" argument was not his only argument. Forsythe also argued that the undisputed factual record shows that Starboard is an enterprise as defined by the FLSA. *See* (DE [36] at 8). And Forsythe is correct. The factual record, in particular, the Declaration of Paul Forsythe (DE [35-1]), unequivocally states Starboard is an enterprise under the FLSA, and Defendants never contest these facts or point to other facts that otherwise dispute the factual record. *See Celotex*, 477 U.S. at 325 (holding that a moving party's

5

burden can be discharged by showing an absence of evidence to support the non-moving party's position).   Since there is no genuine dispute of material fact as to whether Starboard is an enterprise, Forsythe is entitled to judgment as a matter of law as to this point.

### b.      Defendants' Affirmative Defenses are Untimely.

As alternative arguments to their liability to pay Forsythe overtime compensation, Defendants assert that Forsythe is otherwise exempt from the FLSA's overtime coverage provisions pursuant to either the administrative or executive exemptions.   Under 29 U.S.C. § 213(a)(1), an employee employed as either a bona fide executive, administrative, professional, or outside sales employee is exempt from the FLSA's minimum wage and overtime pay requirements.   Defendants argue that Forsythe's roles and responsibilities as an employee of Starboard placed him either in an administrative or executive capacity and exempted him from the FLSA's overtime coverage provisions. But whether that is true is irrelevant; Defendants raised these defenses too late.   The Court therefore need not, and does not, consider their merits.

Failure to plead an affirmative defense generally results in a waiver of that defense. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010) (citing *Jackson v. Seaboard Coast Line R. Co.,* 678 F.2d 992, 1012 (11th Cir. 1982).   But if a defendant fails to plead an affirmative defense and first asserts it at summary judgment, a court may consider the defense, but only upon a finding that the plaintiff would not suffer any prejudice. *Miranda de Villalba v. Coutts & Co.*, 250 F.3d 1351, 1353 (11th Cir. 2001).   In other words, a district court is unable to consider an untimely affirmative defense if its consideration would prejudice the plaintiff, and if it does not prejudice the plaintiff it is still within the court's discretion to withhold consideration of the affirmative defense.   *See id.*

6

District courts have denied consideration of untimely affirmative defenses asserted at summary judgment if the contours of the defense were readily available to the Defendant the moment the complaint was filed. *See Nat'l Health Fin. DM, LLC v. Sea Spine Orthopedic Inst., LLC*, 2022 WL 2065045, at *7 (S.D. Fla. June 8, 2022).

To begin this analysis, it is worth confirming with the record that Defendants are in fact asserting the administrative exemption and the executive exemption for the first time in their response to Forsythe's Motion for Summary Judgment. On May 31, 2022, Defendants filed their Answer. (DE [6]). In their Answer, Defendants asserted eight affirmative defenses. (DE [6] ¶¶ 33-40). These defenses related to whether any alleged violation of the FLSA was willful, and computation of any overtime hours worked. None of the asserted affirmative defenses speak to the exemptions lists in 29 U.S.C. § 213(a)(1), let alone the administrative or executive exemption.[2] The deadline to amend pleadings was August 21, 2023, *see* (DE [26]), with neither party filing, nor seeking leave to file, an amended pleading. The pleading stage thus closed with Defendants' pleadings not mentioning or asserting the administrative or executive exemption.

After a party files an Answer but before the pleadings close, it can, pursuant to Federal Rule of Civil Procedure 15(a), seek to amend its pleadings either "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* But when a party seeks leave to amend after the deadline to amend pleadings, the party must also demonstrate good cause for its proposed amendment. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Amendments at this stage of a case are not uncommon as parties often

---

[2] In a March 2023 order on Plaintiff's Motion to Strike Affirmative Defenses (DE [16]), the Court struck four of Defendants' eight affirmative defenses. *See* (DE [23]). But just as they did before the Court's March 2023 order, the four remaining affirmative defenses do not speak to the administrative or executive exemption.

discover new evidence that changes their strategy for the case.  But notwithstanding the availability of this avenue to seek leave to amend their pleadings, following the close of pleadings Defendants never sought leave to amend their Answer and assert any new defenses, let alone the two they assert at summary judgment.

Importantly, even to this day Defendants have not formally sought leave to amend their Answer, let alone demonstrate good cause.  Instead, more than eighteen months after this case was initiated, a few weeks after discovery closed, and just a few days before the dispositive motion deadline Defendants apparently informed Forsythe that they intended to offer new defenses to liability in this case.[3]  *See* (DE [36] at 2); (DE [42] at 1).[4]  As discussed above, these defenses can only be considered if doing so would not prejudice Forsythe, and even if it did not the Court still retains discretion to deny consideration.  *See Miranda de Villalba*, 250 F.3d at 1353.  Because Defendants' assertion of the affirmative defenses would prejudice Forsythe, the Court cannot consider them.

A bedrock principle of civil litigation is that there should be no unfair surprises to either party. It is why pleadings are required to contain short and plain statements that explain why a party either is or is not entitled to relief.  It is also why there is discovery, so the parties can learn the facts and evidence relevant to support their claims and defenses and properly prepare for the opposing parties' case at both summary judgment

---

[3] The Court is aware that the current team of defense counsel are new to this case and ostensibly were not responsible for any decisions or strategy prior to their employment as counsel, but that cannot form the basis for circumventing the federal rules.

[4] It is not entirely clear to the Court just how Forsythe became aware that Defendants planned to assert the administrative exemption and executive exemption as affirmative defenses. Forsythe only tells the Court that just a few days before the dispositive motion deadline Defendants informed Forsythe of their intention to assert exemptions.  (DE [36] at 2) (DE [42] at 1).  Forsythe further explains that it was "unclear which exemption because Defendants just state various exemptions."  (DE [36] at 2) (DE [42] at 1).  Defendants' Response to the Motion for Summary Judgment (DE [49]) does not provide any further clarification; surprisingly, it does not even acknowledge that Defendants' two defenses are untimely.

and trial.  The Federal Rules of Civil Procedure were specifically designed to ensure no unfair surprises to either party throughout the pendency of a case.  Defendants, however, have ignored this bedrock principle by attempting to completely change their legal theory of the case extremely late in the game and after the respective deadlines in which to do so.  Such a drastic shift at this point in the case obviously prejudices Forsythe; it requires him to fundamentally alter his legal strategy in response, and with little time in which to do so.

Even if the late disclosure alone did not prejudice Forsythe, the manner in which Defendants disclosed the defenses further amplifies the prejudice to him.  When Defendants disclosed that they were changing their theory of the case just a few days before the dispositive motion deadline, they failed to explicitly explain how.  Instead, they apparently vaguely stated that they will be asserting "exemptions" as defenses. Flummoxed by Defendants poor gamesmanship and with a dispositive motion deadline just a few days away, Forsythe had to guess as to which exemptions Defendants intended to pursue.  *See* (DE [36] at 2, 10-20).  While he guessed correctly as to the administrative exemption and executive exemption, he was wrong about the outside sales exemption. Forsythe ended up spending over five pages, twenty-five percent of the allotted page limit for a dispositive motion, discussing an exemption that Defendants did not even assert.  It is therefore undeniable that requiring Forsythe to alter his summary judgment position just days before the deadline without clear guidance as to what needed to be done was prejudicial.

And, even if the untimely assertion of the affirmative defenses did not prejudice Forsythe, the Court nevertheless does not find a good reason to entertain them.  Forsythe filed suit against Defendants in May 2022 with one simple claim for unpaid overtime

compensation.  This type of case was not foreign to Defendants; Defendants have already been sued for an unpaid overtime compensation under the FLSA by the individual whose job Forsythe was hired to replace.  *See Shirley v. Starboard Yacht Group, LLC*, Case No. 20-60792-CIV-DIMITROULEAS.  Defendants were thus aware that they were potentially underpaying Forsythe's job position since 2020 and had multiple years and multiple cases to be evaluating legal theories to avoid liability.  Moreover, the facts underlying the two affirmative defenses—the different roles and duties that Forsythe was responsible for as Starboard's employee—were available to Defendants the second the case was filed. *See Nat'l Health Fin. DM, LLC v. Sea Spine Orthopedic Inst., LLC*, 2022 WL 2065045, at *7.  Defendants thus have no valid basis for why these affirmative defenses could not have been asserted in a timelier fashion.[5]

It is also worth mentioning that Defendants never attempt to justify their untimely assertion of the two affirmative defenses.  They never sought leave to amend their Answer nor did they even acknowledge the untimeliness of the affirmative defenses in their response to Forsythe's Motion for Summary Judgment and his Supplement.  *See generally* (DE [49]).  Such disregard for court-imposed deadlines can not be rewarded. Thus, even if the Court found that Defendants untimely assertion of the affirmative defenses did not prejudice Forsythe, the Court exercises its discretion in denying considering them.[6]

---

[5] These exemptions were also not unfamiliar to Defendants. In *Shirley*, Defendants asserted the Administrative Exemption as an affirmative defense.  *See* (DE [50-1] at 6) (Defendants' Answer and Affirmative Defenses in *Shirley v. Starboard Yacht Group, LLC*, Case No. 20-60792-CIV-DIMITROULEAS). If Defendants were able to assert an exemption defense in their Answer in *Shirley*, it is not clear why they had to wait until after discovery and shortly before the dispositive motion deadline to assert the same defense here.

[6] Reinforcing the Court's decision today, Defendants' Response to Forsythe's Motion for Summary Judgment was due on March 12, 2024, but Defendants failed to file a Response by that deadline.  *See* (DE [40] ¶¶ 4-5); (DE [44]).  Accordingly, the next day the Court ordered Defendants to file an opposing memorandum of law to Plaintiff's Motion for Summary Judgment by March 18, 2024, or show cause in writing why the motion should not be granted by default.  (DE [46]).  Though Defendants complied with the

### c. Jake Stratmann is Individually Liable

The FLSA creates a private right of action against any "employer" who violates its minimum-wage or overtime provisions. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013) (citing 29 U.S.C. § 216(b)). The FLSA defines "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'" *Id.* (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)). "A corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013) (citing *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986)).

Here, Forsythe has sued Jake Stratmann alongside Starboard for failure to properly compensate Forsythe for his overtime work. The undisputed evidence in this case shows that Jake Stratmann, as CEO of Starboard, is jointly and severally liable for this underpayment. According to the Org Chart attached to Defendants Statement of Material Facts, (DE [48-5]), and Defendants' own words, *see, e.g.*, (DE [49] at 2), Stratmann is the CEO of Starboard. In that role, he indisputably has "operational control" over Starboard, rendering him an employer under the FLSA. *See Lamonica*, 711 F.3d at 1309. Stratmann, therefore, as a matter of law is jointly and severally liable for the proper payment of Forsythe's salary.

---

March 13, 2024 order, their response did not acknowledge the initial delay and why Defendants could not comply with the Court's initial March 12, 2024 deadline. Defendants' behavior shows a disregard for court-imposed deadlines; the Court will not excuse it any longer.

### d.  Liquidated Damages

An employer who violates the FLSA's overtime compensation provisions is liable to the employee affected by such violations in the amount of unpaid compensation and "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  Under the Portal-to-Portal Act, however, an employer who violated FLSA's provisions but who acted in good faith in doing so can escape its obligation to pay liquidated damages.  29 U.S.C. § 260.  But if an employee was willful with its violation of the FLSA, it is obligated to pay liquidated damages.  *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1273 (11th Cir. 2008); *Joiner v. City of Macon*, 814 F.2d 1529, 1539 (11th Cir. 1987).  An employer is willful if it "either knew, or showed reckless disregard, as to whether its conduct violated" the FLSA.  *Id.*

To demonstrate good faith an employer must show that it performs some level of investigation of its potential liability under the FLSA.  *Barcellona v. Tiffany English Pub, Inc.,* 597 F.2d 464, 469 (5th Cir. 1979).  But it is not enough for an employer to investigate its liability just one time; to remain current on its good faith status, an employer must also remain current on the FLSA, its provisions, and the employer's obligations under them. *See Friedman v. S. Fla. Psychiatric Assocs., Inc.,* 139 Fed. App'x 183, 185-86 (11th Cir. 2005) (employer's testimony that it researched the FLSA twenty years prior was insufficient because it did not update its research).  An employer's investigation of the FLSA provisions must also be proactive; an employer cannot demonstrate good faith if it took no action to ensure compliance with the FLSA before it was approached by an employee or counsel with a potential violation.  *Spires v. Ben Hill Cnty.*, 980 F.2d 683, 690 (11th Cir. 1993) (employer failed to demonstrate good faith because "it took no action

whatsoever to investigate its compliance with the [FLSA] until it was contacted by the plaintiff's counsel").

Here, the undisputed evidence shows that Starboard's non-compliance with the FLSA[7] was willful and lacked good faith. According to Defendants, Starboard "engages in ongoing efforts to ensure compliance with FLSA regulations, including consulting with human resources experts and legal counsel regarding employment classifications and responding appropriately to Department of Labor ("DOL") inquiries." (DE [48] ¶ 35). Despite claiming it engages in ongoing efforts, Defendants offer just one example, from 2017, of its ongoing effort. (DE [48] ¶ 35) (citing Stratmann Decl. ¶ 3) ("[T]he DOL conducted an audit and determined that one employee--not Plaintiff's role or title-- needed to be paid overtime since that employee was primarily secretarial."). Stratmann's conclusory assertion buttressed only by a seven-year-old audit is insufficient to establish on-going efforts to comply with the FLSA. *See Friedman*, 139 Fed. App'x at 185-86.

Even if the conclusory statement of Defendant's CEO was enough to create a dispute of material fact and defeat summary judgment on the issue, the rest of the factual record demonstrates otherwise. In April 2020, both Defendants were sued by Omar Shirley—the individual who previously held Forsythe's job position—for failing to pay overtime compensation. *See Shirley v. Starboard Yacht Group, LLC*, Case No. 20-60792-CIV-DIMITROULEAS. That means that while Forsythe was employed at

---

[7] In reaching this portion of the summary judgment motion, the Court did not consider Defendants' arguments that Forsythe is an exempt employee. Had Defendants not procedurally defaulted those arguments, it is possible that the Court could have found that, as a matter of law, Forsythe is an exempt employee and not subject to the FLSA overtime compensation provisions. Put differently, it is possible that Defendants did not violate the FLSA at all, let alone willfully. But since those arguments were procedurally defaulted, for purposes of the liquidated damages analysis Defendants violated the FLSA's overtime compensation provisions. It is therefore up to the Court to determine if, based on the undisputed evidence, the circumstances surrounding the violation was willful or if the Defendants acted in good faith.

Starboard,[8] Defendants were aware that Forsythe's job position was potentially subject to the FLSA's overtime compensation requirements.  Yet despite that awareness, Defendants offer no evidence demonstrating that it subsequently conducted a review of the relevant provisions of the FLSA to determine if Forsythe's job position was entitled to overtime compensation.  Instead, they ignorantly went on withholding overtime compensation from Forsythe.  Such behavior does not demonstrate good-faith intentions to comply with the FLSA.  To the contrary, it shows willfulness and a reckless disregard of the FLSA's provisions.  There is therefore no dispute of material fact as to whether Defendants should be entitled to invoke the FLSA's safe harbor provision.  As a matter of law, Forsythe is entitled to summary judgment on the issue of liquidated damages.

### e.  Computation of Unpaid Overtime

It is undisputed that Paul Forsythe worked sixty-five (65)[9] hours per week and worked at Starboard for thirty (30) weeks.  (DE [13] at 2).  He also was paid $25 an hour, rendering his overtime hourly rate at $37.50.  Twenty-five (25) overtime hours per week at an overtime rate of $37.50 for thirty (30) weeks totals $28,125.  But since Forsythe is also entitled to liquidated damages, he is entitled to double that amount, or $56,250.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Paul Forsythe's Motion for Summary Judgment (DE [36]) is **GRANTED**.  Plaintiff Paul Forsythe is entitled to $28,125 in unpaid overtime wages and $28,125 in liquidated damages, or $56,250 in total, from Defendants Starboard Yacht Group, LLC, and Jake Stratmann, jointly and severally.  In accordance with Federal Rule of Civil Procedure 58, judgment for Plaintiff Paul Forsythe will be

---

[8] According to the Complaint, Forsythe worked for Starboard from early 2020 through August 2020.  (DE [1] ¶ 15).

[9] Defendants also do not dispute this point in their Response to Forsythe's Motion for Summary Judgment.  *See generally* (DE [49]).

entered separately.  The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.  Furthermore, all deadlines are **TERMINATED**, and all hearings are **CANCELLED**.

      **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of April 2024.

                                                    _____
                                                    RAAG SINGHAL
                                                    UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

15